The opinion of the Court was delivered by
Gibs-on J.
Both parties claim under an application of the 3d April, 1769, in the name of John Palmer. On the 17th October, 1761, a survey was made by Charles Lukens, the deputy surveyor, in the name of John Palmer. The plaintiff 1 J 1 alleges the beneficial interest was m J.esse Lukens; and that he derives title from him. The defendant claims under John Lukens, the father of Jesse, then and until the time of his death the surveyor general of the land office, and who, the defendant says, was the owner of the location and survey, The survey, with certain indorsements on it in the handwriting of Charles Lukens, was given in evidence by the plaintiff without objection: but an indorsement, dated the 1 *» 7 7 *299 27th October, 1783, was objected to, but admitted. It was in these words:—“ Sent a copy to John Lukens, esq. the land being the property of the representatives of Jesse Lukens, I have been informed, that Jesse had sold it to one Jones, who did not comply with the terms of the contract, which was merely verbal.” Signed, Charles Lukens, It is to be observed, the survey was not returned into office till after the death of John Lukens, for it appears by an indorsement, it was brought to the office on the 27th July, 1790, by Major Lenox, one of his executors. It is clear, that any act of a deputy surveyor done in a course of official duty, is evidence to shew for whom he made a survey; but if the act be unofficial, it is inadmissible. Hence a certificate of one who had been a deputy surveyor, that at a previous time a party had paid him fees for making a survey, was held incompetent to prove, that the survey was made for him. Lessee of Cluggage v. Swan, 4 Binn. 150. For the same reason the declarations of a deputy surveyor, though dead at the time of the trial, that he made a certain survey, under an order from the proprietaries, are not evidence. Lessee of Bonnet v. Devebaugh, 3 Binn. 175. In the present instance the indorsement was not an official act, but a private memorandum of a family transaction at a time when Charles Lukens had ceased to be the deputy surveyor of the district, and although he might return surveys theretofore made by him, he had no other authority. He could not by his declarations or any other act affect the interest of any person. That John Lukens considered the matter as a family transaction, is evident from his keeping the paper in his possession till his death. This copy of the survey was not transmitted to him in his official capacity, or it would have been filed in the surveyor general’s office. The evidence, therefore, should have been rejected.
The plaintiff offered a receipt for 50/. part of the purchase money of the land in question, signed by Charles Lukens administrator of Jesse Lukens; the defendant objected, that no evidence of title in Jesse had been given, to lay a foundation for this evidence. This was not true in point of fact; for on the draught of survey returned, there was this indorsement, “ John Palmer now Jesse LukensP This was at least some evidence of a beneficial interest in the latter.
The deposition of John Baker, taken under a rule of Court, but without notice, was admitted. There was some *300 evidence, that one Robert ^uay, on whom notice had been served, and who is said to have an interest in the land in dispute, attended at the taking of the deposition and cross-examined the witness. But there is no evidence, that he had any authority from the defendants, and his interference being an act merely voluntary on his part, they are not bound by, it. Notice to special bail, is not sufficient to entitle a deposition to be read against the principal. But the point is too clear for argument; the evidence should have been rejected.
The defendant having given in evidence the record of a former recovery between the parties, offered the docket en.tries of the prothonotary as evidence of the issuing, service, and return of a writ of habere facias possessionem., which was over-ruled by the Court. In this there was no error. Those entries were but the minutes of the officer, and inferior to the writ itself, with the return indorsed on it, which should have been produced.
A deposition of Adam Walker, offered by the plaintiff, was objected to, but was admitted. It was originally taken before an associate judge of Lycoming county, but the defendant wishing to have the benefit of a cross-examination, it was agreed by the parties, that a supplementary examination should take place before a justice on interrogatories filed. This was accordingly done, but it appears, that one of the interrogatories put by the defendant, which was material to the issue, was not answered. I consider the evidence taken on these two examinations as constituting one whole. This deposition, therefore, taken on interrogatories, is analogous to evidence returned on a commission. It was the business of the justice to put the interrogatories severally to the witness, and obtain distinct answers to each; and if the witness refused to answer, he should have certified that matter at the foot of the deposition. Each party was respectively entitled to all the information the witness could give ; and this deposition, evidently imperfect in that respect, should not have gone to the jury.
Robert §>uay was produced as a witness by the defendants, and rejected on the ground of interest. There was evidence, that after a former, recovery by the defendants, he received the possession from the sheriff as their agent, that he remained 5n possession ever since, and that .he sometimes claimed the land as his own. On the other hand the defendants offered *301 íQuay to prove on his voir dire, that he had no interest; and they read a release from the witness, acknowledged at the bar, to Joseph T. Quay, transferring his interest if any to the latter; and iri addition, they offered a deed from David Lenox, surviving patentee, in trust for the heirs and devisees of John Lukens to Daniel Smith, and a deed from Smith to Joseph Fearon, who is said to be the real defendant in the cause. It is most certain, that the witness could not be examined to prove his own competency. The plaintiff might have examined him on his voir dire to prove him interested, and if he had taken that course, he could have resorted to no other. But having adduced evidence of interest, aliunde, it was not competent to the defendant to rebut it by the testimony of Quay himself. The release of the witness could only divest an interest in the land, but it could not divest his interest in supporting the possession of the defendants, under whom he came in; for on a recovery in this action he and his tenants would be turned out. In Bourne v. Turner, 1 Str. 632, the Court refused to permit the landlord to be substituted in the stead of his tenant in possession, for the purpose of making the latter a witness, he being liable in an action for the mesne profits ; and it has been held that a tenant, though not a party on the record, is not a witness to prove possession in his landlord, where that fact was necessary to a defence in ejectment, for such evidence was to support his own possession. The deed from Lenox to Smith, and from him to Fearon, could have no greater operation than the release of the witness, and did not answer the objection arising from the liability of the witness to be turned out in the event of a recovery. He was therefore rightly excluded.
One exception yet remains; it is to the charge of the Court. The plaintiff claimed under an equitable title from Jesse Lukens. He had been in possession; had .made improvements, and there was some evidence he had paid the purchase money. The defendant requested the Court to instruct the jury, that the plaintiff could not recover, without having paid or tendered the purchase money before he brought the present suit. This was a material part of the case. In Pennsylvania, having no court of equity, we are compelled to consider that as already done, which chancery would enforce the performance of, and this is the reason why an action of ejectment may be supported in this state on an equitable title. *302 If, therefore, the plaintiff could not enforce a specific execu» tion of 'his contract against the heirs or representatives of Jesse LuAens, (and that he could not without payment or ten-^er °f purchase money is beyond all doubt,) he could not recover against the defendants. To the request of the defendants, the Court answered there was in fact evidence,.that the money had been paid; but this was a matter for the consideration, not of the Court, but the jury, who might have held a different opinion. The defendants had a right to the direction of the Court as to the law, in case they should be of opinion, that only a part was paid; and although it was laid down in general terms, that if the. purchase money was paid, the plaintiff might recover, yet the law arising from the converse of the proposition was not stated. The Court were requested to state it; this was refused ; and it is error.
Judgment reversed, and a venire facias de novo awarded.