The opinion of the Court was delivered by
Gibson J.
Many of the exceptions taken here, are inapplicable to an award under the compulsory arbitration act, which is sui generis, and to be considered rather as a verdict and judgment, than as an award. Arbitrators, under that act, decide both the law and the fact, and substantially perform the functions of a Court and jury. We are, therefore, not to inquire, whether their award is mutual, final, or certain ; whether it extends to a stranger to the submission, or whether it is erroneous on the merits ; but only whether the arbitrators have confined themselves to the matters in controversy in the cause, and have done what a Court and jury might rightfully do. In the case at bar, there was a general finding for the plaintiff; but with stay of execution till he should tender a conveyance, with special warranty, from himself and his wife, to the defendant, of all their interest in certain land, &c. Now, it cannot be doubted, but that a verdict in this form would be good, and that the Court would *172 see it carried into execution; not, as the defendants’ counsel suppose, by compelling the plaintiff to procure his wife to join him in executing a deed, but by refusing to let him ^ave ^ fruit of his judgment till the condition was complied with. The counsel, however, infer that the plaintiff’s right to recover at all, depended on the previous tender of the deed; and that the arbitrators erred in supposing they could cure this defect in the title, by rendering it obligatory on him to do, after judgment and before execution, what he ought to have done in the first instance. If this were so, the defendant undoubtedly suffered a wrong, in being rendered liable to the costs of a suit, commenced at a time when there was no cause of action. But, that the cause of action was incomplete at the commencement of the suit, is not an inevitable consequence of the plaintiff’s being bound to tender a conveyance ; his liability, in that respect, may have arisen from a separate and independent covenant, which the arbitrators may have seen fit to have executed, along with the other parts of the contract, from equitable considerations; in which case, according to the principles of Moody v. Vandyke, 4 Binn. 43, a tender would not be necessary; but the Court might exercise an equitable controul over the execution, so as to do substantial justice. That arbitrators, under a voluntary reference, have a right to impose conditions on him in whose favour they award, is fully established by Kunckle v. Kunckle, 1 Dall. 364, and Bard’s Administrators v. Wilson, 3 Yeates, 149. Arbitrators under the act of the 20th March, 1810, are differently constituted, being a tribunal created by the law, not by the act of the parties, and one to which either may recur; but they have all the powers incident to the Court in which the cause was pending when it was referred ; and it is well settled, that the interests of a defendant may be secured by a verdict imposing such equitable conditions as the jury may deem necessary. In Mathers’s lessee v. Akewright, 2 Binn. 93, there was judgment in ejectment, with stay of execution till the title of the defendant to 100 acres of the land should be secured, ac* cording to the articles of agreement between the parties; and in Moody’s lessee v. Vandyke, the same principle is distinctly intimated by the Chief Justice.
It is objected, that the award extends beyond the submission, and that the rule of reference is, in form, not according *173 to the act of assembly; being of all matters in variance between the parties in the cause, and not of all matters in variance in the cause between the parties. The first is not supported in point of fact; and the second cannot be supported in point of law. Where the submission is by the agreement of the parties, who may, if they please, extend the powers of the arbitrators to matters not embraced by the suit, the distinction, though a very nice one, may have some shew of reason ; but in references under the act, the party entering the rule having no power to submit any thing unconnected with the cause, it can have none.*
The last exception is to the execution; which, it is said, the Court permitted to be issued before the condition attached to the award had been complied with. Whether the plaintiff had done all that was necessary to entitle him to execution, was a question of fact peculiarly proper for the decision of the Court below, and one which, whether decided rightly or not, cannot be agitated here. The Court were not bound to put the evidence, upon which they decided, on the record; nor are we to be supposed to have it before us. It is to be presumed, they exercised a sound discretion ; but even if they did not, the matter is not the subject of a writ error. The judgment and proceedings are affirmed.
Judgment affirmed.

 Note. — The decision of this point in the case here reported, is, by mistake, referred to in Shoemaker v. Meyer, 4 Serg. & Rawle, 454, as having been made at May Term, 1818. The cause was argued at that time, and held under advisement ; but the opinion of the Court having been formed immediately after the close of the Term, gave a mistaken impression that the cause had been disposed of.