The opinion of the Court was delivered by
Gibson J. —
In this State, the action of ejectment approaches very near ta a bill of equity ; and the verdict of a jury, imposing conditions on the party in whose favour it is rendered, performs the office (though imperfectly) of the decree. In our sister States, at least in those that enjoy the benefit of a separate administration of equity, such a verdict would not be sustained; with us it is sustained from necessity. There never has been more that! one decision directly on the point; but the practice has been universal. In the Administrators of Steigleman v. Wolfersberger, 5 Serg. & Rawle, 167, it was held, that a conditional award of arbitrators under the Act of the 20th March, 1810, who- perform the fpnctions of both Court and jury, and have exactly the same powers, was good. The point, however, was directly decided in a case determined at Philadelphia during'the last year, which has not been reported. In fact, a power to impose terms, is one without which we could not, from the very structure of our Courts, do any thing like substantial justice. Here the conditions to be performed by the defendant previous to judgment, are stated with convenient ceftainty. The judgment' is affirmed.
judgment affirmed..