STEVENS vs. JUDSON and SQUIRE.

A *fraudulent representation* made by the obligee to the obligor of a bond, as an inducement to the latter becoming bound, is no defence at law to an action on the bond.

THIS was an action of debt, tried at the Albany circuit in February, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The defendants executed a bond in the penal sum of $1200, bearing date 31st March, 1828, conditioned to indem-

nify the plaintiff against the payment of a promissory note made by the plaintiff and the defendant Squire for the sum of $600, payable at the New-York State Bank, in 90 days from 22d January, 1828, and to deliver up the note duly cancelled. The breach assigned is that the plaintiff was forced to pay the note and was subjected to costs. The defendant Judson pleaded that he executed the bond as surety for Squire, at the request of the plaintiff, who and Squire had been co-partners in trade; that the plaintiff represented that Squire was amply able to pay the debts of the late firm, and that when the note fell due he (the plaintiff) would endorse another note for renewal on Squire's paying a 'part of the note; by which representation, which he alleged to be fraudulent, he was induced to execute the bond. The defendant then avers that when the note fell due, Squire offered to pay $100 thereof, and requested the plaintiff to endorse a note for renewal, which he refused to do; by means whereof Squire's credit was suspected, and he became embarrassed and wholly unable to pay the note or to deliver it up to be cancelled. The plaintiff replied that the bond was obtained fairly and honestly, denying the fraudulent representations.

The plaintiff proved that he was sued on the note and obliged to pay $680,34, including costs. The defendant offered to prove his plea. The judge ruled that the defence set up could not be sustained at law, and refused to receive the evidence and to try the issue. The defendant excepted, and the jury found for the plaintiff. A motion was made for a new trial.

*A. Townsend*, for defendants.

*Dutcher & Harris*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. Strictly speaking, the judge at the trial is to hear the testimony adduced to sustain and disprove the issues joined in the record. If the evidence offered does not support the pleading, the judge may properly reject it; but if the evidence proves every fact alleged in pleading, it should be received, and the jury should find the issue according to the evidence. I will not say that there is

no case where the judge is justifiable in rejecting the evidence offered, though it sustains the issue. If the issue itself is immaterial, a repleader may be awarded, or the court may give judgment *non obstante veredicto.* No serious inconvenience can therefore result from a finding by the jury of the issue joined.

NEW-YORK.
May, 1830

Stevens
*v*
Judson,

But had the testimony been heard, and a verdict been found for the defendant upon his plea, the same question would have arisen which is now presented ; for if it be admitted that the judge erred in not hearing the testimony, why should we send the cause to a new trial, if we see that the defence set up cannot be available to the defendant ? Suppose the facts to be all true, do they constitute a valid defence to a sealed instrument ? This question has been often before the court in different aspects. In *Dolon* v. *Sammis,* (2 Johns. R. 179, n.) it was decided that the *failure* of consideration was no defence at law to an action on a bond. In *Vrooman* v. *Phelps* (2 Johns. R. 177,) on a demurrer to a plea, it was held that false and fraudulent representations of the qualities of the article sold, and which constituted the consideration for the sealed instrument on which the suit was predicated, could not be set up as a defence in a court of law. In *Burr* v. *Lee,* (4 Johns. R. 413) it is said that the seal does not preclude an inquiry into the consideration if illegal and fraudulent ; but the fraud there referred to was probably either the illegal consideration of improperly aiding an insolvent in his discharge, which was the consideration in that case, or as was held in *Dorr* v. *Munsell,* (13 Johns. R. 430,) such fraud as relates to the execution of the instrument not affecting the consideration. These cases have been subsequently recognized in this court and in the court for the correction of errors, (9 Cowen, 309 to 315 ;) so that if wrong the remedy is with the legislature. I confess I can see no very good reason why this defence should be excluded from a court of law, and the party sent into a court of equity ; but so the point has always been decided. The facts contained in the plea constitute no valid legal defence ; and

NEW-YORK,
May, 1830.

Jackson
v.
Anderson.

if a new trial should be granted, and a verdict found for the defendant, this court would be bound to give judgment for the plaintiff, notwithstanding the verdict. I think, therefore, a new trial ought not to be granted.