BACHMAN *against* REIGART and another assignee of HAMILTON.

IN ERROR.

Where a submission to arbitration was in an amicable action in case, of "all matters in variance in the above suit," an award for "two hundred and seventeen dollars, as a compensation for having built upon the ground" of plaintiff, "and that the alley between the late dwelling of" plaintiff "and the house of" defendant, "as also the pump and well of water," &c. "be enjoyed in common between" plaintiff and defendant, and that the defendant "pay one hundred and seventy-nine dollars, amount of former costs as per bill, together with the costs of the present suit," is a bad award. The action entered, was by the agreement entitled *in case;* and an intent is, therefore, manifest to submit nothing that might not be adjudicated under a declaration in that form.
Where such submission was indorsed "under the arbitration law of 1810," it is an express declaration, that the proceedings are under that act, which in terms restrains the submission to "matters in variance *in such suit or action* between the parties;" and such award under such submission is void.
In case of discrepency between the submission to arbitration, and the entry made of it by the prothonotary, the former must prevail.

ERROR to the Court of Common Pleas of *Lancaster* county.

Error was brought by the plaintiff in error, who was defendant below, to reverse a judgment entered on a report of arbitrators against him.

The submission was in the following words:

"Amicable action on the case. We do agree to submit all matters in variance, in the above suit, to *Casper Shaffner, jr. Jacob Sherer* and *John Whiteside,* or any two of them, who are to audit the same, and make report to the next Court of Common Pleas for the county of *Lancaster.* Exparte rule on one days notice."

This agreement was indorsed "under the arbitration law of 1810."

The following entry was made on the docket:

"Amicable action on the case. And now, January 2d, 1821, by agreement of the parties, in writing filed, all matters in variance in this suit between the parties, are submitted to *Casper Shaffner, jr. Jacob Sherer* and *John Whiteside,* Esquire, or any two of them, who are to audit the same, and make report to the next Court of Common Pleas, for the county of *Lancaster,* and are to meet at the house of *John Bachman* in *Lancaster,* on Wednesday the 3d of January instant, at 3 o'clock, P. M."

(Bachman *v.* Reigart.)

The arbitrators made the following report, on which judgment was entered:

"We, the subscribers, having met and heard the parties, and the proofs by them adduced, do award, in favor of the plaintiffs, and find for them the sum of two hundred and seventeen dollars, as a compensation for having built upon the ground of *William Hamilton,* and that the alley between the late dwelling of *William Hamilton* in West King street, and the house of *John Bachman,* as also the pump and well of water in the back yard, on the line between said lots of *Hamilton* and *Bachman,* be enjoyed in common, between them and their heirs and assigns, and that the defendant pay one hundred and seventy-nine dollars and fifty-eight cents, the amount of former costs, as per bill, together with the costs of the present suit."

Several errors were assigned, the following only are material to be stated:

"1. The referees have awarded beyond the submission of the parties, and have found damages for an alleged encroachment, committed on the lands of *William Hamilton,* over which they had no control, and have attempted to transfer to defendants certain rights, over the real property of the plaintiff not submitted to them, and have also found costs not incurred in this nor in any other suit between the same parties.

"2. The whole proceedings having been under the act of 21st March, A. D. 1806, the agreement to refer should have been proved, by the subscribing witness, before it was filed by the prothonotary.

"3. There was no notice served on the plaintiff in error, of the award, according to the provisions of the act of the 25th of March, A. D. 1806."

*Champneys* for the plaintiff in error.   The form of action is case, and under that form of action no award could be made transfering a right to the realty.   In an action on the case, nothing can be submitted, except what could be recovered in that action.   If the award exceed the submission, it is plain that it is void.   1 *Saund. n.* 1. 216. 1 *Bac. Ab.* 213, 214. 222, 225.   *Kyd on award,* 142. 143. 157. 195.   *Pratt* v. *Hacket,* 6 *John Rep.* 14.   He contended that the submission was under the act of 1806, *Purdon,* 44. and not under the act of 1810.   Indorsing the submission "under the arbitration law of 1810," could not change the character of the agreement, or give it a character which it did not possess.   It

(Bachman *v.* Reigart.)

was obviously the intention to make the award final, which, of course, it would not be, under the act of 1810.    That the submission, being under the act of 1806, the proceedings were erroneous, inasmuch as there was no proof of the execution of the submission before it was filed, nor was a copy of the award served on the defendant as is required by that act.

*Rogers* for the defendant in error.    The remedy of the defendant below, if he were dissatisfied with the award, was by appeal. He contended that this award could be enforced by execution, and it was therefore good.    That it was competent to the defendant to submit causes of action, real and personal, in the same suit, and he was concluded by his submission.    *Massey* v. *Thomas*, 6 *Binn.* 333. *Davis* v. *Havard*, 15 *Serg. & Rawle*, 165. *Harris' admrs.* v. *Harris' admrs.* 6 *Binn.* 422. *Hewitt* v. *Ferman*, 16 *Serg. & Rawle*, 135.

The opinion of the court was delivered by

GIBSON, C. J.—The distinction between a reference 'of all matters in dispute between the parties in the cause,' and a reference 'of all matters in dispute in the cause between the parties,' has been thought too nice for the general understanding; and to effect the object of the former more certainly; it has been recommended by judge Buller, that the reference be 'of all matters in variance, between the parties' omitting the words 'in the cause,' and of the latter, that it be 'of all matters in dispute in the cause omitting the words 'between the parties:' thus making the distinction between the parties and the cause more striking.    Now if a compliance with this recommendation can serve to make the meaning of the parties more palpable, we have the benefit of it, the agreement containing a submission "of all matters in variance in the above suit," without a word being said about the parties.    The submission is indeed entered on the docket as "of all matters in variance in the suit between the parties;" but as the prothonotary had no authority to modify the agreement, the original paper filed as the ground of the entry, must, in case of a discrepance, be allowed to prevail. Even if the matter stood on the entry, the power of the arbitrators would be restrained by any reasonable construction, to matters in the cause.    The action entered was by the agreement entitled *in case;* and an intent is therefore manifest to submit nothing that might not be adjudicated under a declaration in that form.    But not only is money awarded in satisfaction of the costs of a former action, as well as damages sustained from an intrusion into the plaintiff's ground, but an alley, a pump and a well, are directed to be enjoyed by the parties in common.    It would require little to shew that these matters could not be joined in any form of action.

(Bachman *v.* Reigart.)

But another ingredient in this reference shews conclusively the nature of the matters intended to be submitted, the proceedings were declared to be under the act of 1810, which in terms restrains the submission to "matters in value as *in such suit or action* between the parties;" and hence it was held in *Shoemaker* v. *Meyer*, 4 *Serg. & Rawle*, 452, that a variance between the terms of submission expressed by the parties, and those prescribed by the act, is immaterial, as the arbitrators must be guided by the latter. In *Steigleman* v. *Wolfersberger*, 5 *Serg. & Rawle*, 167, where the same point was ruled, it was held, that as the arbitrators perform the functions of both court and jury, the inquiry is, whether they have confined themselves to the matters in the cause, and done what a court and jury might do. An award, then, is not to be sustained where a verdict finding the same matters could not. By no other construction could the provision which contemplates a comparison between the award and a verdict on appeal, be rendered effective, as it would be impossible to say which of the two was more favorable to the appellant in order to determine the question of costs. Besides the award is to have the effect of a judgment till abated on appeal, but how could it be so abated, if the arbitrtators were allowed to adjudicate what could not be reviewed in a trial according to the course of the common law? It is utterly impossible by any joinder of counts to enable a jury to find a bill of costs for the plaintiff as well as damages for building on his ground, and at the same time to settle the right, and direct the enjoyment in common of an alley, a pump and a well. Whatever, then, be the form of the action, it is clear the arbitrators determined matters that are foreign to the cause, and transcended the powers delegated to them by the submission and the law.

Judgment reversed.