# Heckart *against* Zerbe.

If a plaintiff obtain a verdict and judgment in ejectment, upon condition that he pay to the defendant a certain sum of money, he cannot afterwards recover, from the same defendant, in an action of trespass for the mesne profits of the land.

ERROR to the common pleas of *Northumberland* county.

This was an action of trespass for mesne profits, brought by Jonas and Elizabeth Heckart against Philip and Joseph Zerbe.

The plaintiff gave in evidence the record of an action of ejectment for the land between the same parties, in which the jury rendered a " verdict for plaintiffs, after paying defendants 400 dollars, defendant not to demand 59 dollars 72 cents, that he has a credit for in his last account, payable in six months," upon which judgment was rendered. It appeared the 400 dollars were paid, and the defendant took out execution on the payment and possessed himself of the land.

The plaintiff then offered to prove the annual value of the land, and to prove that the land was the estate in fee of the plaintiffs, and that the defendants unlawfully took possession of the same and kept the plaintiffs out.

The defendant objected to the evidence, on the ground, that the verdict and judgment in ejectment, were conclusive against the

plaintiffs' right to recover. And the court (Lewis, president) being of that opinion, rejected the evidence and sealed a bill of exceptions.

*Bellas*, for plaintiff in error, cited 2 *Burrows* 668; 9 *Serg. & Rawle* 101; 11 *Serg. & Rawle* 55; 3 *Yeates* 14.

*Greenough*, contra, cited 2 *Saund. Pl. & Ev.* 182, (670.)

The opinion of the Court was delivered by

KENNEDY, J.—It is very evident, from the terms of the verdict found by the jury in the action of ejectment, the record of which was given in evidence by the plaintiffs on the trial of this cause, and was considered by them as paving the way for the maintenance of it, that the possession of the land by the defendant was not unlawful, at least in an equitable point of view, but on the contrary was rightful, and such as he was not bound to surrender or part with to the plaintiffs until they paid him the sum of 400 dollars. Though generally an action of trespass may be maintained by a plaintiff, after he has recovered the possession of the land in ejectment, against the defendant therein, to recover damages of him for his unlawful entry into the land and detention of the possession thereof, or for either, anterior to and during the pendency of the ejectment, wherein the value of the mesne profits received, or that might have been made and received during the time the defendant was in the unlawful possession of the land until the recovery thereof from him, is usually made and considered a proper measure for the damages claimed, yet in Pennsylvania, at least, there may be some exceptions to this rule; and more especially if it be, as has been held, that the action for mesne profits is an equitable action, and will admit of every kind of equitable defence being made. Murray *v.* Governeur, 2 *Johns. Ca.* 438. In Pennsylvania, for want of a court of chancery an ejectment is resorted to and occasionally supported, merely to supply the place of a bill in chancery; as, for instance, to enforce the specific performance of articles of agreement for the sale and purchase of land by the vendee against the vendor. Hawn *v.* Norris, 4 *Binn* 77; Vincent *v* Lessee of Huff, 4 *Serg. & Rawle* 301–2; or by the mortgagor against the mortgagee of land, to recover back the possession thereof, after it shall have been had by the latter long enough to have enabled him to have received satisfaction of the mortgage debt from the rents and profits of the land; or by a vendor of the land against his vendee in order to be relieved from the sale and deed of conveyance thereof, made by the former to the latter, either through mistake or by means of fraud; and in effect by recovering again the possession of the land, to set aside the sale and deed of conveyance. But it is perfectly obvious that in actions of ejectment brought merely with a view to accomplish such ob-

[Heckart v. Zerbc.]

jects, equal justice cannot be done to the parties therein without going into a full investigation, on the trial of the ejectment, of every thing connected with the transaction; and among other things, without taking an account of the rents, issues and profits received by the defendant from the land, where he claims to be repaid a sum of money before he shall yield the possession thereof to the plaintiff, and settling the claim of the defendant by setting it off against or merging it in the rents and profits of the land. Take for illustration, the case of an ejectment brought by the vendor of the land, or his heirs, as would seem to have been the case here, in order to have the sale set aside on the ground of some mistake or defect alleged to have been made, or to have become connected with it, without a previous tender or offer being made to repay the defendant the consideration money paid by him for the land; and it should turn out upon investigation that there was sufficient ground for setting the sale aside upon the defendant's being remunerated for the money paid by him; and it should further appear that the rents and profits derived by him from the land were fully equal to the money paid for it, with interest thereon, it might be equitable enough to permit the plaintiff to recover the land; but surely it would be most unjust as well as inequitable, to permit him afterwards to maintain an action to recover the mesne profits of it, he having been allowed for them in the ejectment. Besides, this mode of settling the mesne profits in such case seems not only to be just and equitable, but also to comport with the policy of the law, which is opposed to circuity of action whenever it can be avoided without inconvenience and rendering the investigation so complex as to be likely to produce confusion. There would seem to be little reason in requiring the plaintiff to pay to the defendant the money paid by him on the purchase of the land, when the plaintiff is entitled to demand an equal sum from the defendant on account of the mesne profits. Taking this to be the proper principle upon which the jury, in the trial of the action of ejectment, ought to settle and adjust the mutual claims of the parties, it is fair to presume, in the absence of all evidence to the contrary, that the jury, on the trial of the ejectment, here allowed the plaintiffs a credit for what they thought was right, under all the circumstances of the case, on account of the rents and profits derived from the land by the defendant; and that the defendant was still entitled to receive the further sum of 400 dollars from the plaintiffs, over and above the mesne profits of the land, before he should yield the possession thereof to them. This would seem to be the fair construction of the verdict, which is in these words: "Verdict for plaintiffs, after paying defendant 400 dollars; defendant not to demand 59 dollars 72 cents that he has a credit for in his last account, payable in six months." From the terms of the verdict it is almost impossible to avoid the inference that all claims between the parties, in any way connected with the sale of the land and the possession of it, were settled and

[Heckart v. Zerbe.]

adjusted by the jury on the trial of the ejectment; and that upon this being done, there was found to be a balance of 400 dollars still remaining to be paid by the plaintiffs to the defendant, before he should give up the possession of the land. This being the case, it is clear, then, that the claim in the present action, having been presented to and passed upon by the jury in the action of ejectment, that it cannot be recovered here: and this would be the effect, where it was submitted to the consideration of the jury either by the plaintiff or the defendant, and it was proper for them to decide upon it, whether they allowed much or little on account of it, or disallowed it *in toto.* It is sufficient that it has passed once *in rem judicatam, ut sit finis litium.* Brockway *v.* Kenney, 2 *Johns. Rep.* 210; Curtis *v.* Groat, 6 *Ibid.* 168; M'Guinty *v.* Herrick, 5 *Wend. Rep.* 240.

But under another view of the finding of the jury, and the judgment rendered thereon in the ejectment, it would seem to be difficult to sustain this action, which is trespass and must be considered as founded upon a tortious possession of the land taken by the defendant; but the jury, by their verdict, have found that he had a right to the possession of it, not only down to the time of the trial, but to retain it afterwards until he was paid by the plaintiffs the sum of 400 dollars: and it not appearing that he retained the possession beyond the time that he received the 400 dollars mentioned in the verdict, there does not appear to be any pretence for saying that his possession of the land was at any time unlawful. Indeed, I am strongly inclined to believe, though a conditional verdict for the plaintiff, under the practice in this state, may be good in ejectment, as in the case of Coolbaugh *v.* Pierce, 8 *Serg. & Rawle* 418, where the verdict was given for the plaintiffs, subject to a certain condition, which, if performed by the defendant by a given day, then the judgment was to be entered for him, that yet the verdict here, perhaps, in law, ought to have been regarded as a verdict in effect for the defendant; and that he might possibly, therefore, have moved the court in arrest of judgment, instead of for a judgment in his favour *non obstante veredicto;* which latter, it is said, can only be moved for by the plaintiff; but that the proper course for the defendant to pursue, when the verdict in terms only is for the plaintiff, is to move in arrest of judgment; Smith *v.* Smith, 4 *Wend. Rep.* 471; Schermerhorn *v.* Schermerhorn, 5 *Wend. Rep.* 513; *Tidd's Prac.* 935, 952, 953; unless it be in replevin where the defendant is considered an actor as well as the plaintiff, and may therefore have a judgment in his favour *non obstante veredicto.* Da Costa *v.* Clarke, 2 *Bos. & Pull.* 257, 376; *Tidd* 712.

Without giving, however, any decisive opinion on this point, seeing both parties here have acquiesced in the verdict of the jury, in the ejectment, it may be considered in effect the same as a verdict given for a plaintiff who, being the owner of an unseated tract of land, which had been sold for the nonpayment of taxes assessed

thereon, brought his action of ejectment under the act of assembly of the 3d of April 1804, to set the sale aside for some irregularity in it; but the defendant, as purchaser of the land at the commissioner's sale, having made valuable improvements thereon, the jury, though finding a verdict for the plaintiff, in conformity to the act, also reported the value, in money, of the improvements beyond the amount of the profits derived by the defendant from the enjoyment of the land, which the plaintiff was bound to pay before he could obtain the possession of the land. In such case it certainly never entered into the mind of any one to imagine for a moment that the plaintiff, after paying to the defendant the sum of money reported by the jury, and obtaining the possession of the land under the recovery in the ejectment, could maintain an action of trespass to recover the mesne profits of it.

We therefore think, that under all the peculiar circumstances of this case, the court below was right in rejecting the evidence offered by the plaintiffs, as mentioned in the bill of exceptions.

Judgment affirmed.