The opinion of the Court was delivered by
Gibson J.
An exception is taken to the form of the rule of reference, which contains a submission of “ all matters in variance between the parties in the cause,” which it is said is a substantial variance from the provisions of the act which gives a reference of “ all matters in variance in the cause, between the parties.” However this critical nicety may stand as to references at common law, or under other acts of assembly, it is sufficient that the present exception was taken in The administrators of Steigleman v. Wolfersberger, decided at the last May Term, in Lancaster, in which it was not sustained.
But a more substantial objection to this award is, that the arbitrators have awarded the damages to be paid by instalments. The report, if unappealed from for twenty days, becomes a judgment, without any act of the Court to bé done previous to execution. The award itself is a judgment. The arbitrators possess precisely the same powers that the Court and jury do, and must exercise it in the same manner; for an appeal is given to the Court-, where the cause is to be tried in the usual manner, and it would be absurd to suppose the inferior tribunal had power greater than the superior, or different either in extent or the manner of exercising it. The defendant objects, that from the face of the award it appears the plaintiff brought his suit before any thing was due ; and it is answered, that as no declaration was filed it is impossible to say what kind of case was laid before the arbitrators, and that on the authority of Richter v. Chamberlin, an award will be supported on the presumption, that a cause of action was laid before the arbitrators sufficient to justify the award, if such a cause of action might in anywise have existed. Hence it is contended, that the breach for which damages were given may have been, and in fact was, (although it does not appear from the record,) the refusal of the defendant to execute a mortgage to secure the payment of the sums, at the several times stated in the award. Supposing it to be so ; the question is, what verdict could a jury give for a breach *455 so assigned. Before the stat. 8 and 9 W. 3 even in an action of debt for a penalty for the breach of covenants to be performed at different times, or monies to be paid by instalments, the verdict and judgment were for a gross sum, and the plaintiff took out execution for the whole ; for a plaintiff could assign only one breach, and if he assigned several, the declaration was bad for duplicity, one breach being a forfeiture of the whole penalty. It is a general principle, that where there is but one breach, the damages must be entire. Our act of assembly, which, in substance, follows the English, statutes like it relates to penalties, and has nothing to do with actions of covenant, in which the plaintiff may assign as many breaches as he is able to prove. But even in that case, the damages are recoverable immediately, and there is judgment accordingly. I know not any case in which a Court would render judgment on a verdict for damages payable by instalments. Even on debt for a penalty, the judgment is for the whole penalty, as a personal debtj although the Court having a controul over the execution, permits the instalments to be recovered separately as they fall due. Now here the case put by the plaintiff’s counsel, on which it is said this award may be supported was, that of a single breach of covenant, in not executing a mortgage to secure payments to be made at future periods, and not even separate breaches for the non-payment of the money; for in the latter case the defendant’s objection, that the suit was brought too soon, would be unanswerable. The breach being entire, the damages must be so too. But it is said, that the award is for a gross sum, and that the paying by instalments may be rejected as surplusage. This would be to take an unwarrantable liberty with the intention of the arbitrators. The manner of payment was a substantial consideration in making up their award, and by rejecting it we would subvert their whole intention. Nor can we support this award on the ground that a court of chancery would decree a specific execution of the contract, and that the arbitrators have done so substantially, by giving the lien of a judgment for securing the payment of the same sums and at the same times for the securing of which a mortgage ought to have been given. In this State, the Courts, (though clothed with chancery powers,) from the very nature of the common law forms of proceeding to which they are restricted, cannot give relief in many cases *456 in which chancery would afford it, In an action of covenant, damages alone can be obtained, and by this means it is impossible to enforce a specific execution of the contract.
Judgment reversed.