Pek Curiam.
On the part of the plaintiffs in error, it was contended, that the award in this case was erroneous, because the defendant was not to pay the money immediately, or certainly^ but at a future time and on an uncertain event.
The act of assembly which gives to the report of arbitrators the effect of a judgment, must have intended such a judgment as would authorize the plaintiff to take out an execution. But no execution could be taken oii this award,, because the money was to be paid in futuro, and upon a contingency. It might be, that the defendants would never be in possession of the township funds sufficient to discharge the judgment. They might both die before funds came to their hands. If the award had been, that the defendants should pay to the plaintiff a certain sum, with stay of execution till a certain time, it would have been good, because then. it would have operated as a judgment for that sum, absolutely and immediately. It is very common for judgments to be entered in the courts of common law, with stay of execution; and such a judgment as might be rendered in a court of common law in Pennsylvania, may be rendered by the report of arbitrators. We think the principle which must govern the case before us, was decided in Shoemaker v. Meyer, 4 Serg. & Rawle, 452. There, the arbitrators awarded, that the defendant should pay to the plaintiff the sum of one thousand six hundred and thirty-five pounds and twelve shillings, “in twelve annual payments, commencing on the 1st of •April, 1815.” That case, indeed, was stronger than the present, because there was no contingency. The only objection was, that the payments were to be in futuro. It is the opinion of the court, therefore, that the report in the present case was erroneous, and the judgment should be reversed, — of course the execution must follow the fate of the judgment. The record is to be remitted to the Court of Common Pleas, to be further proceeded in according to law.
Judgment reversed, and record remitted, &c.