## BUTCHER v. METTS.

April 23, 1836.

*Rule to show cause why a venire facias de novo should not be awarded.*

Where a verdict was rendered for the plaintiff, but judgment was arrested at the same term, on account of the insufficiency of the verdict, *which appears of record*, a *venire facias de novo* will be awarded. But if the term has been allowed to elapse after the arrest of judgment, and the cause has not been continued by a *curia ad. vult*, the action will be discontinued and the defendant be without day in court.

IN this case a verdict was rendered for the plaintiff, but judgment was arrested on account of the insufficiency of the verdict, *ante p.* 153. The plaintiff then obtained a rule to show cause why a *venire facias de novo* should not be awarded, the former trial having proved fruitless.

*Meredith,* who had been of counsel with the defendant, resisted the award of a new *venire,* and contended that upon the arrest of the judgment the action was at an end ; that the defendant no longer had a day in court, and that there was no way in which he could be brought into court but by a new original.

*I. Norris, contra.*

The opinion of the Court was delivered by

Jones, J.—An arrest of judgment is in effect nothing more than superseding a verdict for some cause apparent upon the record, which shows that the plaintiff is not entitled to the benefit of the verdict. It is often followed by a judgment for the defendant, that he go without day, but it is not of itself a judgment for the defendant. The court may, after an arrest of judgment, award a repleader or a *venire de novo* without a repleader. Which of these courses is the proper one, depends upon the nature of the defect for

I.—2 E

[Butcher v. Metts.]

which the judgment is arrested. If it appears by the record that the plaintiff has no cause of action, the court will give judgment, after the arrest of judgment on the verdict, that the plaintiff take nothing by his writ, and that the defendant go without day. If issue be joined upon an immaterial point, there being a sufficient cause of action alleged in the declaration, the proper course is to award a repleader. If the pleadings be sufficient and the issue well joined, but the verdict is imperfectly found, it is usual to award a *venire de novo* ; and this it is said may be done upon the motion of the defendant, without a motion in arrest of the judgment.

The *venire de novo* is an ancient proceeding of the common law. It was in use long before the practice of granting new trials. It follows of course upon the granting of a new trial ; but as a distinct proceeding it is commonly adopted after a bill of exceptions or after a special verdict imperfectly found, but always for some cause apparent on the record, and if granted when it should not be, it is error, and the award of it may be reversed.

A new trial, on the other hand, is commonly granted after a general verdict for some cause not apparent on the record, and it is not assignable for error. Hambleton *v.* Veere, 2 *Saund. Rep.* 1716, (*n.* 1) ; Goodtitle *v.* Jones, 7 *T. Rep.* 43, 48 ; Witham *v.* Lewis, 1 *Wils. Rep.* 48, 56 ; *Com. Dig., tit. Pleader,* R. 18 ; 1 *Sellon's Practice, ch.* 11, *sect.* 3, (C. D.); Miller *v.* Ralston, 1 *Serg. & Rawle* 309 ; Ebersol *v.* Krug, 5 *Binn.* 53 ; Lessee of Pickering *v.* Rutty, 1 *Serg. & Rawle* 515.

In this case the fault was in the verdict. Of course it appears upon record. A *venire facias de novo* is therefore proper.

In regard to the objection that the defendant is no longer in court in this action, it should be observed that the judgment was arrested at this term, and no judgment has been entered for the defendant. He is therefore still in court and bound to take notice of the further proceedings in the cause. But if the term had been allowed to elapse after the arrest of judgment, and the cause had not been continued by a *curia adv. vult*, according to strict notions of practice, the action would have been discontinued, and the defendant without day in court.

*Venire de novo* awarded.