# Bruck *versus* Mausbury.

1. Where the verdict of a jury is uncertain and not responsive to the issue, or is incapable of being enforced, it should not be received by the court.

2. A verdict in an action of assumpsit, in favor of the plaintiff for a certain sum, conditioned upon his completing his part of the contract sued upon, is bad. In such case the court has no jurisdiction afterwards to determine the fact whether the plaintiff has complied with the condition, nor to compel him to do so.

3. A. agreed by parol to build a mill for B. for a certain sum. In assumpsit by A. for the price, the defence was that plaintiff had not completed his contract; the jury found a verdict "in favor of the plaintiff, for $246, and the plaintiff to complete the job according to contract." The plaintiff afterwards moved for judgment on the verdict, and submitted *ex parte* affidavits that the job had been completed according to contract; the defendant submitted counter affidavits; the court, after hearing, entered judgment on the verdict, with leave to issue execution for its amount:

*Held,* that the verdict was bad and incurable; and that the court erred in undertaking to decide, on affidavits and counter affidavits, the question of fact in dispute. The judgment was therefore reversed and a venire facias de novo awarded.

December 8th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Somerset county :* Of July Term 1882, No. 163.

[Bruck *v.* Mausbury.]

Assumpsit, by William B. Mausbury against Ludwick Bruck, to recover the price of work done under a parol contract. The defendant died after service, and an alias summons was served on his administrator Conrad Bruck, who pleaded nonassumpsit, payment with leave etc., and set off.

On the trial, before HALL, P. J., the evidence showed that the plaintiff agreed by parol with Ludwick Bruck to construct for him a saw mill on his land, of a certain description, and to lay certain water pipes, within a certain time, for $300 ; Bruck to furnish material and to board the hands. This action was to recover the price agreed on. The defendant's testimony showed that the mill had not been constructed in conformity with the contract, and that it had not been completed. The plaintiff alleged failure by Bruck to furnish material as agreed upon. The court submitted the case to the jury, but the charge and points, if any, were not brought up in the bill of exceptions.

The jury found a " verdict in favor of the plaintiff for the sum of two hundred and forty six dollars and sixty six cents, ($246.66), and the plaintiff to complete the job according to contract."

A new trial was refused by the court.

About four months after the date of the verdict, plaintiff's attorneys " moved the court to remove the stay of execution, and permit plaintiff to have execution for the amount of the verdict and judgment, the plaintiff having completed the mill according to contract." On the hearing of this motion, at a certified court before EWING, J., plaintiff filed certain affidavits setting forth that he had completed the saw mill and it was in running order; the defendant presented counter affidavits, denying the fact. The court, after argument, made absolute the above rule, and judgment was accordingly entered on the verdict for plaintiff for $246.66.

The defendant took this writ of error, assigning for error, that the verdict was uncertain, inconclusive and bad ; that the judgment entered thereon was erroneous, and that the court erred in awarding execution thereon.

*Valentine Hay* (with him *Coffroth & Ruppel*), for the plaintiff in error.—It is well settled that a verdict such as this is bad, and will not support a judgment: Smith *v.* Jenks, 10 S. & R. 153 ; Bagley *v.* Wallace, 16 S. & R. 245 ; Martin *v.* Martin, 17 S. & R. 431 ; Stewart *v.* Speer, 5 Watts 79 ; Pennington *v.* Bowman, 10 Watts 283; Glass *v.* Blair, 4 Barr 196. The court, in subsequently deciding, upon contradictory affidavits, that the plaintiff had " completed the job according to contract" usurped the province of a jury, and erred in granting judgment and execution.

*H. L. Bair* (*J. G. Ogle* with him), for the defendant in error.
—The affidavits showed that after the rendition of the verdict
the plaintiff gave defendant notice to furnish the material to
finish the mill, and that he would complete the job. The de-
fendant did find the material, and the plaintiff completed the
job. The defendant thereby acquiesced in the verdict, and the
court was justified in entering judgment for plaintiff for the
amount, thus rendering the verdict certain, if it was before un-
certain.

Mr. Justice STERRETT delivered the opinion of the court,
December 30th 1882.

The claim of plaintiff below, for work done in the erection
and construction of a water power saw mill, was resisted on the
ground that he had not performed his contract, in that he had
not completed and put the mill in good running order ; " that
the roof was not completed, pipes not laid, and other important
things, necessary to the completion of the mill, were left un-
done." There was some conflict of testimony as to the terms
of the verbal agreement under which the work was done, but
the main question for the jury was whether the contract had
been substantially performed by plaintiff, and if not, wheth-
er defendant was responsible for the non-completion of the
work. Their verdict was "in favor of the plaintiff for two
hundred and forty-six dollars, and the plaintiff to complete the
job according to contract." Several months after rendition of
the verdict, the plaintiff, representing that he had " completed
the mill according to contract," asked the court " to remove the
stay of execution and permit him to have judgment and exe-
cution for the amount of the verdict." Ex parte affidavits were
presented by both parties, and after argument the motion was
granted, judgment entered and execution issued for the amount
found by the jury. The action of the court in thus entering
judgment, etc. is the subject of complaint in the several specifi-
cations of error.

If that clause of the verdict which provides for the com-
pletion of " the job according to contract " could be treated as
surplusage the judgment might be sustained ; but, it cannot be
so regarded. The jury evidently considered it a matter of sub-
stance, something to be done by the plaintiff in fulfillment of
his contract, and as part consideration, at least, of the sum found
in his favor. The only inference that can be fairly drawn from
the language of the jury is that they were satisfied plaintiff had
not fulfilled his contract, and that he was still bound to com-
plete it. Hence, it could not be treated as surplusage without
disregarding the intention of the jury and thereby doing injus-
tice to the defendant. To avoid that result the court undertook

[Appeal of Central R. R. Co. of New Jersey.]

to inquire whether the plaintiff, after the rendition of the verdict, had completed the mill according to contract. That was a question of fact, involved in the issue, and should have been settled by the verdict. The defendant had a right to have it determined by the jury and not by the court. The issue presented by the pleadings called for a general verdict, which would have been conclusive of every question of fact involved therein, and, after judgment, a bar to all future controversy. The verdict was not responsive to the issue and should not have been received. A similar principle is recognized in Glass *v.* Blair, 4 Barr 196, in which the verdict was " for the defendant and that the plaintiff receive back the machine." In reversing the judgment in that case this court said ; " It is an insurmountable objection to the verdict that there is no means of compelling its performance ; for if the defendant refuses to deliver the machine, which is an essential part of the verdict, there is no means to compel him. The only remedy would be by suit, on the ground of rescission of the contract, and thus the verdict, which was intended to end the controversy, would be but the commencement or foundation of another action."

It is no answer to say that, after rendition of the verdict, the plaintiff completed the work, as the jury determined he should, and that fact has been so found. The court had no right to pass upon that question, nor could they do so without virtually re-trying the case for the purpose of ascertaining what the contract was and to what extent it was performed by the respective parties thereto. The plaintiff in error has a right to have all questions of fact, involved in the issue, submitted to and passed upon by a jury.

Judgment reversed and a venire facias de novo awarded.