## Smith, Appellant, v. Summerhill.

*Receipt—Payment—Ambiguity—Construction of instrument—Evidence.*

Where a receipt for a payment on a judgment is so indefinite and uncertain on its face as to the amount of the payment that the court cannot construe it, it is not evidence either one way or the other on an issue to determine the unpaid amount of the judgment, except as to the fact that a payment applicable to the judgment was made on the day that the receipt was given.

*Evidence—Competency of witness—Party dead—Act of June 11, 1891, P. L. 287.*

Where on an issue to determine the amount of an unpaid balance due on a judgment, it appears that the plaintiff is dead, and two witnesses have testified on behalf of the executors as to occurrences in the lifetime of the deceased, the defendant is qualified also to testify as to such occurrences.

Argued Jan. 11, 1906. Appeal, No. 3, Jan. T., 1906, by plaintiff, from judgment of C. P. Lackawanna Co., May T., 1902, No. 525, on verdict for defendant in case of George F. Smith and Curtis Smith, Executors of Elias A. Smith, v. Henry Summerhill. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Appeal from award of arbitrators. Before DUNHAM, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :

[But this receipt reads like this : " Newton, No. 818. March 8, 1900. Judgment received interest $18. Elias A. Smith." And then at the left in figures, with a dollar mark at the left,

$300. Ordinarily, gentlemen, a written instrument is for the court to interpret, and if there were no ambiguity about this receipt we should interpret it to you and tell you what in our opinion it meant. But it all depends upon how you construe this receipt as to whether it is a receipt for the judgment, or whether it is a receipt for $18.00 ; and we leave that entirely to you under the evidence in the case that we have already commented upon. Now, if when that was given he meant to say : "No. 818 judgment, received interest $18, Elias A. Smith," then it would be a receipt for $18.00, and the fact that the figures 300 with a dollar mark at the left are there, would not in any way change the written evidence, if the written evidence is plain and clear. On the other hand, if he meant to say "Judgment received, interest $18, $300, Elias A. Smith," then it is a receipt for the judgment and interest. That is entirely a question for you to construe, and understand as to what that was.] [2]

Plaintiff presented this point:

2. I instruct you that the receipt offered in evidence dated March 8, 1900, must be construed under the law, as a receipt for $18.00 interest on judgment. *Answer :* That, gentlemen, we do not affirm, and do not say that it is not a receipt for $18.00 ; but we leave it to you entirely under the evidence that has been given ; and we say to you it is entirely from the standpoint that you view that receipt, and you will do it from the evidence in the case, from the receipt itself, as to what it means. As I said before, if it means, "judgment received," then it means that the judgment was paid ; if it means "No. 818 judgment received interest $18," then it is a receipt for $18.00. That is entirely for you. [3]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (2, 3) above instructions, quoting them; (4) in permitting the defendant to testify as to occurrences in the lifetime of Elias A. Smith.

*A. A. Vosburg,* with him *Charles W. Dawson,* for appellant.—The construction of a writing is exclusively for the court: Welsh v. Dusar, 3 Binn. 328 ; Reany v. Culbertson, 21 Pa. 507 ; Esser v. Linderman, 71 Pa. 76.

The learned court below erred in admitting the testimony of Henry Summerhill, to show what took place between him and the decedent: Spott's Est., 156 Pa. 281 ; Van Horne v. Clark, 126 Pa. 411.

We have examined the authorities interpreting the act of 1891, and it is worthy of note that it has only been applied in cases where only one living " person " had been called as a witness against the surviving party: Proper v. Campbell, 15 Pa. Superior Ct. 153; Rudy v. Myton, 19 Pa. Superior Ct. 312; Roth's Est., 150 Pa. 261 ; Krumrine v. Grenoble, 165 Pa. 98 ; Brumbach v. McLean, 187 Pa. 602; Robbins v. Farwell, 193 Pa. 37.

*Jones R. Jones,* with him *W. Gaylord Thomas,* for appellee. —It is impossible to imagine how the court could have charged the jury in a fairer and more impartial manner. That the learned judge was correct in permitting the jury to construe the ambiguous receipt in the light of the extrinsic evidence, we cite the following authorities : Ford v. Buchanan, 111 Pa. 31; Home B. & L. Association v. Kilpatrick, 140 Pa. 405; McGee v. Northumberland Bank, 5 Watts, 32 ; Denison v. Wertz, 7 S. & R. 372 ; Sidwell v. Evans, 1 P. & W. 383.

The deciphering of illegible figures or letters in a receipt is for the jury : Armstrong v. Burrows, 6 Watts, 266 ; Grier v. Huston, 8 S. & R. 402 ; Clements v. Bolster, 6 Pa. Superior Ct. 411 ; Brown v. Brooks, 25 Pa. 210 ; McDonough v. Jolly, 165 Pa. 542.

We believe the calling of the living and competent witnesses by the parties representing the right of the deceased, who had testified adversely to the defendant, undoubtedly restored the competency of Henry Summerhill to testify strictly in rebuttal, according to the provisions of the act of June 11, 1891. There are present all the elements requisite to bring the case within the operation of the act: Roth's Estate, 150 Pa. 261; Gold v. Scott, 5 Pa. Superior Ct. 262; Dumback v. Bishop, 183 Pa. 602; Robbins v. Farewell, 193 Pa. 37 ; Proper v. Campbell, 15 Pa. Superior Ct. 153 ; Rudy v. Myton, 19 Ibid. 512 ; Shroyer v. Smith, 204 Pa. 310; Thomas v. Miller, 165 Pa. 216 ; Gold v. Scott, 5 Pa. Superior Ct. 262; Dumback v. Bishop, 183 Pa. 602 ; Brumbach v. McLean, 187 Pa. 602 ; Sun-

day. v. Dietrick, 16 Pa. Superior Ct. 640 ; Thomas v. Miller, 165 Pa. 216 ; Rudy v. Myton, 19 Pa. Superior Ct. 312 ; Shannon v. Castner, 21 Pa. Superior Ct. 294 ; Cox v. Cox, 15 Lanc. 45 ; Bowers v. Overfield, 3 Northam, 81; Steele v. Nicholas, 3 Pa. Dist. Rep. 517.

OPINION BY RICE, P. J., June 30, 1906 :

It is an undisputed fact that on March 8, 1900, the unpaid amount of the judgment in suit was $300, and the interest then due was $18.00.   The defense to the sci. fa. was payment, and the matter in dispute was the amount paid on that day, the defendant claiming that it was $318, and the plaintiffs that it was only $18.00.   Aside from the receipt, which was offered by the defendant and admitted without objection, evidence both direct and circumstantial was adduced on both sides to support the respective contentions of the parties.   The receipt is in this form as nearly as we can reproduce it :

"          Newton

No. 8.18                              March 8, 1900

Jugment rescive
Intres Eighteen Dollars
$300                              Elias A. Smith

Being the written acknowledgment of the plaintiff in this judgment of payment of money, and " No. 8.18 " at the upper left-hand corner being the number of the judgment, it was some evidence of a payment on that date applicable to the judgment in question, and to that extent supported the defendant's contention.   It was, therefore, properly in evidence and to be considered by the jury for the purpose just stated.   But was it an acknowledgment of payment of principal and interest, as the defendant contends, or of interest only, as the plaintiffs contend ?   The learned trial judge, while conceding that ordinarily the interpretation of written instruments is for the court, held that it was not so in this case, because the question above stated could not be determined by an inspection of the instrument itself ; in other words, there was a patent ambiguity.   In discharging the rule for new trial he said upon this subject : " The receipt itself could as easily be read to be a receipt for the payment of the judgment as for the payment of the $18.00 interest.   It was ambiguous and by reason of this am-

biguity must be interpreted largely by the parol evidence given as to payment of money at that time and was therefore for the jury." Later in his opinion he said: "Had a contract as indefinite as this receipt been introduced in a case, the court would be compelled probably to say to the jury it should be disregarded and could not be considered, as it was so uncertain as to its meaning that it could not be of any use." But assuming, as we think he was right in doing, that the receipt is so indefinite and uncertain on its face as to the amount of the payment that the court could not construe it, it was not evidence, either one way or the other, upon the issue before the jury, except as to the fact that a payment applicable to the judgment was made on that day. In saying this we are not to be understood as questioning the general rule that parol evidence is admissible to explain a receipt. But no evidence was introduced for that purpose. All the evidence related directly to the issue before the jury, and manifestly it would not aid them in deciding it to instruct them that if they found the defendant paid $318 on that day, they would be justified in construing the paper as a receipt for principal and interest, but if they found that he only paid $18.00, it was to be construed as a receipt for interest only. It was of the highest importance that the jury should be instructed as to the evidential value of the paper in the determination of that question. In the absence of explanatory evidence this was a question of law for the court; it certainly was not a question of fact for the jury, as, perhaps, it might have been if the difficulty in determining what the paper means were occasioned by the illegibility of the letters or figures. Speaking of the province of the court in a case of the latter kind, Chief Justice GIBSON said: "It doubtless belongs to it to interpret the meaning of written words; but this extends not to the letters, for to interpret and to decipher are different things. A writing is read before it is expounded, and the ascertainment of the words is finished before the business of exposition begins. If the reading of a judge were not matter of fact, witnesses would not be heard in contradiction of it; and though he is supposed to have peculiar skill in the meaning and construction of language, neither his business nor learning is supposed to give him a superior knowledge of figures or letters. His right to interpret a paper written

in Coptic characters, would be the same that it is to interpret an English writing; yet the words would be approached only through a translation:" Armstrong v. Burrows, 6 W. 266. But here there is no difficulty in determining what the words are or what their meaning is as separate words. The difficulty is that they are so jumbled as to make it impossible for the court to determine their intended relation to each other and from that the amount of the payment intended to be acknowledged. Therefore, while it would have been proper to instruct the jury that the receipt is as reconcilable with the contention of one party as with that of the other as to the amount of the payment, this should have been accompanied by the explicit instruction that it was to be given no effect in the determination of that question. The instructions quoted in the second assignment, and the answer to the plaintiff's point, which is the subject of the third assignment, do not come up fully to this requirement. Indeed, one expression in the answer, though perhaps not so intended, might naturally be taken by the jury to mean that they were to determine the meaning of the receipt as to the amount intended to be acknowledged from the paper itself. But apart from this, the instructions to which we have referred, taken as a whole, do not express as clearly as we think should have been expressed the thought that the receipt by reason of its indefiniteness and uncertainty of meaning as to the amount of payment was of no value upon that question and should be disregarded. Therefore, these assignments are sustained.

The remaining question is as to the competency of the defendant to testify as to the occurrences of March 8, 1900, between the original plaintiff in the judgment and him, the former having died in the meantime, and two witnesses having been called on behalf of his executors and having testified against the defendant as to those occurrences. The cases cited and reviewed in the brief of the appellee's counsel show quite clearly that this question was properly answered in the affirmative, unless, as argued by the appellants' counsel, the Act of June 11, 1891, P. L. 287, "only applies where there is one witness living who testifies against the surviving party, and has no application to a case where several living witnesses to the transaction have been called." A construction, under which

the defendant would be competent after the first of these witnesses testified and incompetent after the second had testified to the same facts, would imply a restriction which the words of the act would not justify, especially when considered in the light of its remedial purpose. The fourth assignment is overruled.

Judgment reversed and venire facias de novo awarded.