Smullin, Appellant, *v.* Harenski.

454

Argued April 15, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Parker, JJ.

*Coleman Harrison*, for appellant.

No appearance and no printed brief for appellee.

Opinion by Parker, J., October 10, 1932:

The sole question presented is whether the verdict rendered by the jury will support the judgment entered. The parties were each funeral directors and at various times loaned each other automobiles so that at the time of the bringing of the suit the plaintiff had furnished to the defendant more service than he had received. Action in assumpsit was brought to recover a balance claimed to be due from the defendant for the use of automobiles furnished by plaintiff for funeral purposes. On the trial the plaintiff produced evidence showing the fair value of such service. The defense was that they had agreed that "accounts should be

squared" between them by mutual exchange of automobiles which each was to furnish the other and that defendant had at all times been and was then ready and willing to so comply with the contract. There had been some payments in cash which the defendant claimed had been made as a matter of accommodation to the plaintiff.

The issue was presented by the trial judge to the jury as follows: "If you find that the plaintiff has proved his contention, namely, that these services were rendered by the plaintiff to the defendant, and that there was to be a cash settlement of the balance due and that you find these prices fair and reasonable charges, then you should bring in a verdict for the plaintiff in the sum of $615.15, with interest from January 1, 1927, or it would be for what you find to be a fair and reasonable charge if you find that these figures (as brought out in the evidence of the plaintiff) are not fair and reasonable charges. If you find that the defendant has proved his contention, namely, that there was to be no cash settlement, as the basis of this contract between them, but it was a contract to be paid for in services back and forth in exchange of motor cars, then if you find that to be the contract, you should bring in a verdict for the defendant." The verdict of the jury was in the following words: "May 4, 1931, We, the jurors empaneled in the above entitled case, find John Harenski is not entitled to pay the said sum of $771.78, but should pay sixty cars in trade." On this verdict judgment was entered for the defendant.

Where the intention of the jury is plain, the court may mold the verdict into form according to the requirements of the law. "But strict form is not now required in verdicts; it is only to be understood what the intention was, agreeable to which the verdict may afterwards be moulded into form ...... And Hobart

lays down a just rule, that though the verdict may not conclude finally or punctually in the words of the issue, yet if the point in issue can be concluded out of the finding, the court shall work the verdict into form, and make it serve according to the real justice of the case. As this might have been amended, before writ of error brought, it is amenable after, and if not done by the inferior, may be done by the superior court. Gilb. Hist. C. P. 19, 172. If the verdict is good, the judgment is likewise so; for being entered generally, if drawn at large, it may be put into form, and as the merits have been tried, justice must be obtained, without being entangled in technical niceties": Friedly v. Scheetz, 9 S. & R. 156, 165.

Counsel for the plaintiff in his printed brief very candidly admits that the "first part of the verdict as rendered is for the defendant" and then argues that the finding is nullified by what is contained in the remainder of the verdict. There is not any complaint as to the charge to the jury or as to the manner in which the issue was submitted. The jury was principally to determine whether settlement was to be made in cash or by the mutual exchange of cars and defendant expressed his willingness to furnish his cars to plaintiff at any time that he is requested so to do. The jury replied that the plaintiff was not entitled to recover but added what we regard as surplusage,—that there was a certain amount of service still due on demand from defendant to plaintiff. We think this comes clearly within the rule that such comments by the jury may be treated as surplusage and disregarded.

The plaintiff maintains that the verdict as a whole is not certain and imposes a condition. He relies on the principles laid down in the case of Bruck v. Mausbury, 102 Pa. 35, where the verdict was in the following form: "A verdict in favor of the plaintiff for the sum of two hundred and forty six dollars and sixty-

six cents, $246.66, and the plaintiff to complete the job according to contract." Mr. Justice STERRETT, speaking for the Supreme Court said: "The jury evidently considered it (completion of the job according to contract) a matter of substance, something to be done by the plaintiff in fulfillment of his contract, and as part consideration, at least, of the sum found in his favor. The only inference that can be fairly drawn from the language of the jury is that they were satisfied plaintiff had not fulfilled his contract, and that he was still bound to complete it. Hence, it could not be treated as surplusage without disregarding the intention of the jury and thereby doing injustice to the defendant." Also see Butcher v. Metts, 1 Miles 233; Glass v. Blair, 4 Pa. 196.

All of these cases are clearly distinguishable from the case under consideration, for in each of these the verdict rendered is conditioned upon the performance of other acts and does not decide sufficient facts to close the issue between the parties. In this case the jury made a general finding and then added an additional statement which as a matter of fact was conceded by the defendant, to-wit, that he was to furnish a certain amount of service to the plaintiff on demand. The reply of the jury was responsive and certain, but added matters not contradictory of what had been determined, and which did not concern anything submitted to them for determination.

Additional statements not in contradiction of the previous findings do not vitiate such findings even though the matters added may be incorrect as a matter of law. This is clearly illustrated by the case of Bickham v. Smith, 62 Pa. 45. The verdict in that case was as follows: "That they find for plaintiff $259, to be paid as follows: $150 by the estate in trust and $109 by Stephen G. Bickham." The latter part of the verdict was treated as surplusage. The Supreme Court

said: "The court very properly disregarded it and entered judgment on the verdict. There was nothing in the testimony to sustain the apportionment attempted ...... I presume they did this to protect the trust from expense. But they could not fix the trust estate for any part of it."

The plaintiff also complains of the fact that the judge did not actually mold a new verdict before the entry of judgment. This contention is answered by the quotation from the case of Friedly v. Scheetz, supra.

Judgment affirmed.