## Wetzel, to use, v. Keefer et ux.

*Ralph L. Belford*, for plaintiff; *Miller Alanson Johnson*, for defendants.

Lesher, P. J., March 22, 1934.—J. C. Keefer and I. S. Keefer, his wife, gave to Mary J. Wetzel a judgment exemption note for $900, bearing date January 14, 1913. Mary J. Wetzel died some time during the year 1925, testate, and letters testamentary on her estate were duly granted to Eva A. Lloyd.

Eva A. Lloyd, on April 9, 1931, entered judgment on the above note in the Court of Common Pleas of Union County, to no. 59, May term, 1931.

The defendants filed a petition to open said judgment, and as a ground for said petition set forth, first, that the said note had been paid, and, second, that the said I. S. Keefer, wife of the said J. C. Keefer, had signed the said note as an accommodation endorser. At the trial of this case, the plaintiff offered the note in question, in evidence. Attached to the said note was the following affidavit:

"IN THE COURT OF COMMON PLEAS OF UNION COUNTY, PENNSYLVANIA.
STATE OF PENNSYLVANIA, COUNTY OF UNION, ss.:

"Eva A. Lloyd, being duly sworn according to law, deposes and says that the note to which this affidavit is attached, or to which it refers, dated January 4, 1913, for $900, signed by J. C. Keefer and Ida S. Keefer, was duly signed by said two parties; that both of said makers are living, and that the interest on said note has been paid up to January 4, 1918; that no part of the debt evidenced by said note has been paid, nor has any interest on said note been paid since January 4, 1918.

EVA A. LLOYD.

"ELWOOD M. FETTER, Prothonotary. [Seal]"

The above note was over 10 years old, and the above affidavit was required by the rules of court of Union County before a note over 10 years old could be entered of record.

The plaintiff also offered in evidence this ex parte affidavit, and the defendant offered no objection to the entry of the same.

After offering the said note and the said ex parte affidavit in evidence, the plaintiff rested.

The defendants offered in evidence a receipt bearing date January 4, 1915, which, on its face, appears to be a settlement in full between J. C. Keefer and Mrs. Wetzel.

The above-mentioned ex parte affidavit of Eva A. Lloyd states, inter alia, that interest was paid on the said note up to January 4, 1918, which would be for a period of 3 years after the giving of the said receipt, and would indicate that the note in question had not been included in the said settlement.

Counsel for the defendants called J. C. Keefer as a witness. The plaintiff objected to Mr. Keefer testifying, for the reason that the other party to the transaction, Mary J. Wetzel, was dead. The court sustained the objection.

The jury found a verdict for the plaintiff, and the defendants filed reasons for a new trial. The fourth reason is to the effect that the court erred in its refusal to permit J. C. Keefer to testify by way of defense to said ex parte affidavit.

The ex parte affidavit in question, as heretofore stated, was attached to the note in question and was sent out with the jury.

The court did not realize at the time that this ex parte affidavit had been offered in evidence, although the record so shows. This ex parte affidavit was before the jury as testimony. The jury might have drawn the conclusion that the statement in this affidavit was correct, and that interest had been paid for a period of 3 years after the giving of the receipt in question, and that would be very convincing evidence that the note in question was not paid or not included in the settlement which the receipt would indicate.

The court is of the opinion that the fourth exception is well taken, and that J. C. Keefer should have been allowed at least to testify as to the facts set forth in the said affidavit. This affidavit, had there been an objection, the court would

not have allowed to be admitted in evidence, but it having been offered in evidence and no objection having been made thereto, the door was opened for the testimony of J. C. Keefer: Smith v. Summerhill, 31 Pa. Superior Ct. 235.

As we have heretofore stated, we feel that the court erred in refusing to allow J. C. Keefer to testify, and a new trial will be allowed.

And now, March 22, 1934, a new trial is allowed the defendants.