Parnell, Appellant, *v*. Saltsburg Joint School
Board.

Argued November 9, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

reargument refused May 14, 1960.

*Gilbert S. Parnell*, with him *W. Thomas Malcolm*, and *Handler and Malcolm*, for appellant.

*Joseph W. Serene*, with him *Peelor, Serene & Fee*, for appellees.

OPINION BY WATKINS, J., March 24, 1960:

This is an appeal from an order of the Court of Common Pleas of Indiana County granting the defendants a new trial in an assumpsit action by the plaintiff lawyer for legal services, after a verdict in his favor of $3500.

G. S. Parnell, Sr., Esq., the plaintiff appellant, was retained by the Saltsburg Joint School Board on December 8, 1952, to do all the necessary legal work to create a Joint School Authority and arrange for the construction of school buildings and the financing of the same. During the following year and several months the appellant went forward with the work. He ar-

ranged for the purchase of several pieces of ground; searched the necessary titles; brought an action to quiet title; created a School Authority; arranged financing of the construction; attended the necessary board meetings; made trips to Harrisburg and other points in connection with his representation; and did all the work just short of the completion of his task, when on February 16, 1954, he was discharged.

On December 28, 1953, plaintiff wrote defendants the following letter:

"Saltsburg Joint School System     December 28, 1953
Saltsburg, Indiana County, Pa.

Gentlemen:

"My hardest problem is to determine what fees to charge for professional services. On one hand, I do not wish to over-charge. On the other hand, the laborer is worthy of his hire, and I like to try to do a good job and to be paid a fair price. Abraham Lincoln once said that the only stock in trade a lawyer has is his time and advice.

"I have been working with you folks for a year and we are rapidly coming to the point when your Authority will be formed and your project financed and building operation is started. Attorneys in Indiana County and every other county have a fee bill or minimum wage scale. All attorneys are pledged to charge not less than the figures contained in said minimum fee bill or wage scale. According to said fee bill, an attorney who represents a school district, township or borough should charge a yearly retainer fee for professional services in the amount of $50.00, plus an additional fee for each meeting attended in the amount of $25.00.

"Also, in financing one of these projects, the authority has the right to charge for cost of site, architects fees, engineering fees, legal services, etc., as part of the preliminary expenses and your joint board will

be paid for the same out of the amount financed. Of course, the Commonwealth of Pennsylvania through the Department of Public Instruction reimburses the joint school system in connection with said financing of the project, the reimbursement will be approximately 80% in your area. Therefore, whatever money your joint school system expends for site, architects fees, legal services, engineering services, etc. up to the time that the bonds are sold will be reimbursed by the State through the financing to the extent of about 80% thereof. Accordingly, whatever sums are expended for said preliminary expenses will cost you only about 20% of the amount thereof.

"It seems to me that $50.00 a month or $600.00 for the last year would be a fair fee for legal services of various kinds and descriptions, especially since your school system will eventually only pay about 20% thereof, or $120.00. The retainer on the four school districts at $50.00 per school district would be $200.00, plus the meetings attended and other services rendered, including obtaining options, preparing deeds, arranging creation of authority, etc. However, these sums must be paid to the architect or the engineer or the attorney before the financing actually is done.

"I suggest that your joint board consider this matter and, if there are any questions or inquiries, please do not hesitate to make them known and we will talk them over. You will find that you will have no difficulty getting along with me at any time.

"I have certainly enjoyed working with your joint board. They are good people and the backbone of our country.

"With good wishes for the ensuing year, I am

Cordially yours,
Gib Parnell
G. S. Parnell."

As a result of this letter plaintiff was paid $600.00.

Plaintiff then sued in assumpsit on the basis of quantum meruit for the value of these services. At the trial the plaintiff was the only witness to testify as to the nature, extent and value of the services rendered and was uncontradicted by the defendants.

There seems to be some confusion as to who should be the plaintiff, although no preliminary objection was made in the pleadings nor at the trial regarding this question. The board's minutes indicate that the firm of Handler, Malcolm & Palmer were to be engaged. However, this was denied by plaintiff and payment was made to plaintiff alone and he alone was discharged by the Board. In the meantime the law firm had been dissolved. The action of the court below in dismissing this objection was correct.

The allegation by appellees that the Joint School Board was not a proper defendant is without merit. We agree with the court below that: "The Joint School Board is a proper entity. In the case of Walker's Appeal, 332 Pa. 488, the Court states at page 492 that the new organization or the Joint Board is a separate distinct legal entity from each of the district boards that make it up. We also believe that in this particular case the parties involved were represented by counsel and that although any money that might be due Parnell would come by reason of a payment pro rata from each of the school districts forming the jointure, that it is proper to bring action against the Joint School Board."

In granting the motion for a new trial the court below advanced three reasons, which we will now discuss. The first was, that the court erred in not considering the letter written by the plaintiff, dated December 28, 1953, as set forth above, as a statement against his interest which was binding upon him and works as an estoppel insofar as claiming anything for services for the first year of his employment. With this we cannot

agree. The interpretation and meaning of a writing is ordinarily a question of law for the court. *Sheesley v. Bisbee Linseed Company*, 337 Pa. 197, 10 A. 2d 401 (1940). However, a reading of the letter as a whole clearly points up its ambiguity, and when considered in light of all surrounding circumstances, was clearly a question for the jury and was submitted upon proper charge. *Smith v. Summerhill*, 31 Pa. Superior Ct. 235 (1906); *Pfeiffer v. Dyer*, 295 Pa. 306, 145 A. 284 (1929).

The second reason advanced was that the evidence was confusing, vague and repetitious so that the jury was completely at a loss to know just what services the plaintiff had performed for the defendants. A reading of the record will not substantiate this reason. While not precise in every detail, plaintiff's evidence did give the jury sufficient basis for its finding, and in our judgment the verdict bears a reasonable resemblance to the value of the services rendered. *Elza v. Chovan*, 396 Pa. 112, 152 A. 2d 238 (1959).

The last reason being that a conditional verdict was returned. The verdict as returned by the jury follows: "And now, to-wit: October 23, 1958, we the jurors empanelled in the above entitled case, find a verdict in favor of Gilbert S. Parnell, Sr. and award him $3500.00 in addition to the retainer fee of $600.00, upon delivery of all documents associated with the School District." "Upon delivery of all documents associated with the School District", is the condition objected to by the court below. No objection was made to the verdict by defendants when it was rendered. The court without objection could have molded the verdict to remove the portion now objected to, but didn't. Where a verdict of a jury is conditional it should not be received by the court. *Bruck v. Mausbury*, 102 Pa. 35 (1882). However, where the conditions merely set forth something the law requires, or where the court

can make the condition certain, or, as here, where the additional language can be treated as surplusage and the reply of the jury was responsive and certain, but added matters not contradictory of what had been determined, and did not concern anything submitted to them for determination, the verdict may be allowed to stand. *Smullin v. Harenski,* 106 Pa. Superior Ct. 453, 162 A. 319 (1932).

For the foregoing reasons we find the court below abused its discretion in the granting of a new trial.

Order reversed. Judgment to be entered on the verdict.