### LANGE v. KEARNEY.

(*Supreme Court, General Term, First Department.*   January 28, 1889.)

1. PHYSICIANS AND SURGEONS—ACTION FOR SERVICES—EVIDENCE—PROFESSIONAL STANDING.
    In an action by a surgeon for professional services, he may show that his professional standing is high, as bearing on the value of his services.
2. SAME—APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    The finding of the jury as to the value of the services will not be disturbed, on appeal, where the evidence on that subject is conflicting, and the services consisted in performing a delicate and unusual operation, requiring great skill.

Appeal from circuit court, New York county.

Action by Frederick Lange, a practicing surgeon, against Peter Kearney, for professional services in performing an operation on defendant's son. Verdict and judgment for plaintiff.   Defendant's motion for new trial denied, and he appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Edward F. O'Dwyer*, for appellant.   *Hathaway & Montgomery*, for respondent.

BRADY, J.    The question in this case for the jury to determine was as to the value of the services rendered by the plaintiff in the treatment of the defendant's son.    The operation successfully performed by him was delicate and unusual, and required great skill.    The charge made was reasonable, if the plaintiff and his witnesses are credited.    On that subject, it is true, there

was conflicting evidence, but that only imposed upon the jury the duty of greater deliberation and scrutiny. There is not such a preponderance as would justify us in reversing their finding on that subject. There is also evidence tending to establish a custom or rule of guidance as to charges of physicians for services rendered, and which makes the amount dependent upon the means of the patient,—his financial ability or condition; but this is a benevolent practice which does not affect the abstract question of value, or impose any legal obligation to adopt it, and cannot be said to be universal on the evidence. Indeed, there does not seem to exist any standard by which, in the application of the rule, the amount to be paid can be ascertained. Each case is under the special disposition of the surgeon or physician attending, and he is to decide as to the reduction to be made on account of the circumstances of his patient, and therefore, when the amount is in dispute, it follows that it is to be determined by proofs to be given on either side. It must be further observed that, although the sum demanded by the plaintiff seems to be large in contemplation of the defendant's income, nevertheless it appears that he is the owner of property, and, although it may embarrass him, or subject him to inconvenience, he can pay it,—he has the ability to do so. It may be justly said that the plaintiff saved the life of the defendant's son, and by a master performance, which united skill, knowledge, and experience, and without which it could not have been done. The exceptions are valueless. The plaintiff had a right to show that his standing in the profession was high. The measure of compensation must be controlled more or less by ability in all the professions, and the service rendered by its responsibilities and success. We see no reason for disturbing the judgment. Ordered accordingly. All concur.