(79 Misc. Rep. 627.)

## GRUDBERG v. EHRET.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENT USE OF STREETS—ACTIONS—SUFFICIENCY OF EVIDENCE.

Where the evidence showed that plaintiff and another boy ran after defendant's automobile, that the other boy jumped on and in trying to get off got stuck, that plaintiff went to his assistance, and, after the automobile had stopped and he had jumped off, it without warning backed up and ran over him, the complaint was improperly dismissed, since, whether he was a trespasser on the automobile, he had a right in the public street, and the sudden backing of the automobile required an explanation from defendant.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from City Court of New York, Trial Term.

Action by Samuel C. Grudberg, an infant, by Isaac B. Grudberg, guardian ad litem, against George Ehret. From a judgment dismissing the complaint at the close of plaintiff's evidence, he appeals. Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Jacob Grudberg, of New York City (Clayton J. Heermance, of New York City, of counsel), for appellant.

Ashbel P. Fitch and Mott & Grant, all of New York City (Grant C. Fox, of New York City, of counsel), for respondent.

GERARD, J.  The evidence offered by plaintiff disclosed that plaintiff and another boy ran after defendant's automobile, and the other boy jumped on it, and then, when some one yelled "Get off," the other boy tried to get off, but in getting down got stuck between the barrels on the automobile, and the plaintiff went to his assistance and pulled out his foot. .. At this time the automobile had stopped, and, the friend being free, plaintiff jumped off, but just at this time the automobile, without warning, backed uphill a distance of five feet, running over the plaintiff.

It makes no difference whether the friend was a trespasser on the automobile, or whether plaintiff came to his assistance, or not.  The plaintiff had a right to be in the public street.  The automobile of defendant was at a stop, and the unexplained sudden backing of the automobile, without any warning, calls at least for some explanation on the part of the defendant.  See Lundy v. Second Ave. R. R. Co., 1 Misc. Rep. 100, 20 N. Y. Supp. 691; Smith v. American Ice Co., 152 App. Div. 484, 137 N. Y. Supp. 290.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.