(79 South. 829)

No. 22953.

Succession of LEVITAN et ux.

(June 29, 1918.   Rehearing Denied Nov. 4, 1918.)

*(Syllabus by the Court.)*

1. EVIDENCE ⬥76—WEIGHT AND SUFFICIENCY—FAILURE TO DENY.

The testimony of a physician and surgeon, to the effect that he was employed by the mother of his patient, a married woman, rather than by the patient or her husband, and rendered valuable services, for which he considered the mother able to pay, but doubted the ability of the husband so to do, is strongly corroborated by the circumstance that the patient, having succeeded, as sole heir to the estate of her mother, hears the testimony, and does not take the stand to question its verity.

2. PHYSICIANS AND SURGEONS ⬥23—CHARGES FOR SERVICES—REASONABLENESS.

It is a matter of common information that physicians and surgeons do not regulate their charges for professional services by any fixed standard of pecuniary value, but, to a certain extent, upon the basis of the ability of the patient to pay, and, on that basis, more frequently than otherwise, perhaps, are but poorly compensated.  Where such services are shown to have been of the highest value, in so far as the life and welfare of the patient were concerned, and the charge is neither unreasonable nor inconsiderate, as compared with the financial ability of the employer, it should be allowed by the court.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Provisional account by Mrs. Esther J. Gordon, as executrix and sole heir of her deceased mother, Mina Grodsky, widow of Abraham Levitan, with opposition by Dr. Louis Levy, based upon an account for physician's services.  Opposition dismissed, and account approved, and opponent appeals.  Judgment annulled, and judgment rendered for opponent, recognizing him as an ordinary creditor of the succession.

Woodville & Woodville, of New Orleans, for appellant.  Edgar M. Cahn and Joseph Rosenberg, both of New Orleans, for appellee.

143 LA.—33

Statement of the Case.

MONROE, C. J.  Dr. Louis Levy rendered professional services to Mrs. Esther J. Gordon, wife of J. Gordon, and daughter of decedent, from about May 27, 1914, until November or December of that year, during which period he successfully performed a Cæsarian operation upon her.  There is no issue here as to the value of the services or the necessity of the operation, in so far as the life and well-being of the patient are concerned; the real question in the case being one of dollars and cents.  In July, 1915, the doctor brought suit against Mrs. Levitan and J. Gordon for $500, alleging that he had been employed by the former and had performed the operation at her request, and that the latter was cognizant of the fact that the services were rendered and of the necessity therefor.  The defendants filed exceptions and answers, but the case, for one reason or another (towards the last, because of the illness of Mrs. Levitan), was never brought to trial; and, she having died, on December 6, 1916, it was thereafter discontinued, following which, on February 19, 1917, the plaintiff therein set up the same claim by way of opposition to the provisional account filed by Mrs. Gordon, who is the executrix and sole heir of her deceased mother.  It is shown that opponent had been the family physician of Mrs. Levitan and had no acquaintance with Mr. Gordon, but knew that he was a gentleman of very limited means; that Mrs. Levitan brought her daughter to him and requested him to take charge of her; that on November 16 she called him to her house, where her daughter was having convulsions, from kidney trouble; that she was very much excited, and said that she wanted everything done that could be done, and, at her instance, a consultation was had, and the patient was taken to the infirmary, where the operation mentioned was at once performed; that at the infirmary, after the opera-

tion, Mrs. Levitan told opponent to put special nurses on the case, and spare no expense; that opponent was never, at any time, consulted by Mr. Gordon about the case; and that the services were well worth the amount charged. Attention is called to the circumstance that Mrs. Gordon was present in court when the facts thus recapitulated were testified to, and did not take the stand to deny the truth of the testimony. The opposition was dismissed and opponent appealed.

· Opinion.

[1, 2] We are of opinion that the evidence, uncontradicted as it is, and given under circumstances in which it would have been easy and natural for the person most interested to have contradicted it, if she thought that she could conscientiously do so, sufficiently establishes the employment of the opponent by Mrs. Levitan. It is a matter of common information that physicians and surgeons do not regulate their charges by any fixed standard of pecuniary value, but, to a certain extent, base them on the ability of the patient to pay, and, on that basis, more frequently than otherwise, perhaps, are but poorly compensated. The provisional account filed by Mrs. Gordon shows only the cash collections which came into her hands, up to the date of its filing, amounting to $9,140.85, against which there are some $4,000 or $5,000 of bills, due or paid, from which we infer that the decedent had been engaged in quite an active furniture business. The inventory of the succession property has not, however, been filed in evidence. Considering the case as presented, we find no sufficient reason for holding that the amount demanded by the opponent is unreasonable, or even inconsiderate.

It is therefore ordered that the judgment appealed from be annulled, and that there now be judgment in favor of the opponent, recognizing him as an ordinary creditor of this succession in the sum of $500, and direct-

ing that he be placed on the account for that amount, with legal interest thereon from November 16, 1914, until paid.