No. 8809.
Orleans Appeal.

R. D. PITARD HARDWARE CO., INC., v. MRS. G. LALA.

(February 2, 1925, Opinion and Decree.)

---

(Syllabus by the Court.)

1. Louisiana Digest—Appeal—Par. 625, 631 636.
Where there is conflicting evidence, the conclusions of the trial judge, who saw and heard the witnesses, are entitled to great weight, and will not be disturbed unless manifestly erroneous.

Appeal from the Civil District Court for the Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is an action to recover the cost of merchandise sold.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

John J. Reilley, attorney for plaintiff and appellee.

Emile Pomes, attorney for defendant and appellant.

BELL, J. Plaintiff brings this suit against Mrs. G. Lala, alleging that on certain dates, which are more particularly set out in the itemized statement annexed to the petition, it sold to defendant certain merchandise, which was used in painting the defendant's house, located at No 721 Ursuline Street. The amount of the claim is $123.00.

It is alleged that on the 12th day of August, 1921, defendant was served with a sworn account, which account was on the same day recorded in the Mortgage Office of the Parish of Orleans. Accordingly, plaintiff prayed for a lien and privilege on the property of the defendant. The defendant filed a general denial. Judgment was rendered in favor of plaintiff for the full amount claimed, with legal interest from date of judicial demand, together with $1.50 costs for recording lien, and with recognition of lien and privilege on the property in question. From this judgment, the defendant prosecutes this appeal.

The president and general manager of the plaintiff company testifies that the paints and other materials, the price of which constitute the amount sued for, were sold to defendant and were delivered to and used in defendant's residence. He further states that the sale of this merchandise originated from a written order, signed by defendant, and presented by a man who told witness he had a job to paint defendant's house. It appears further from testimony of this witness that the written order was lost or mislaid. Without objection, witness has testified that the contents of this lost letter read as follows:

"Kindly deliver to bearer such paints and materials as may be required to paint residence 724 Ursuline Street.
　　　　　"(Signed)　Mrs. G. Lala."

On May 25, 1921, plaintiff received a letter signed "G. Lala", and reading as follows:

"Mr. R. D. Pitard,
　"155 Chartres Street,
　　"Local.
"Dear Sir:
　"Just a few lines to let you know that I have not yet completed the job on No. 724 Ursuline St., but as soon as I do I will send you check to cover what I owe you. Haven't yet completed job because tenants occupying first floor have not vacated. Thanking you, I am,
　　　　　"Yours very truly,
　　　　　　"(Signed)　G. Lala."

On July 20, 1921, plaintiff wrote defendant as follows:

"Dear Madam:

"We hold your letter acknowledging receipt of paints delivered at 724 Ursuline Street, and you notified us that you would pay when the job was completed. We sent a collector to you today, and you in turn referred him to another party to collect this money. If we do not hear from you within the next two days, we shall lien this property and turn this account over to our attorney for collection.

"Yours very truly,
"(Signed) R. D. Pitard Hardware Co., Inc.,
"By R. D. Pitard, Pres."

The original of the last-quoted document is shown by the record to have come back into plaintiff's possession, through defendant's attorney, then acting for her. It is thus conclusively shown that she received this letter and well knew of the demands made upon her for the payment of this claim. There is abundance of proof before us that the materials listed on the attested and recorded account were actually used in defendant's building, but she and her step-son have both denied under oath that any order was given therefor with his or her authority. It is contended by them that the painting contract on defendant's building, under lien for this claim, was given to a man named Mahoney, for the total contract price of $200.00, materials included, and that he has long since been paid. Defendant has, however, failed to produce Mahoney as a witness, or to show in any manner that the materials used by him on defendant's building were furnished by any other party than the plaintiff. It is impossible to believe, and no evidence has been offered to show, that two contracts were let out by defendant for the painting of this building within the period covered by the transaction now sued upon. Defendant's step-son has testified that he attended to all of defendant's business. When confronted with the letter of May 25, 1921, purported to be signed by defendant, he declares that this letter is a forgery, and that the contractor (Mahoney) admitted to him that he had forged defendant's signature. This witness admits that he made no effort to prosecute the alleged forgerer, and that the matter was of no consequence to him. This same witness, on further cross-examination, admits and denies in the same breath, that the building was still being painted when plaintiff's attested account was served and recorded. His entire testimony, as well as that of defendant, is full of contradiction and evasion. The testimony of plaintiff's two clerks, as to demands for the payment of the claim, and as to the time service of the attested account was made, in accordance with law, is clear and convincing.

The claim is for less than $500.00. The contract arose prior to the year 1922. The owner of the building having failed to require or record any bond, and the lien having been recorded within forty-five days after completion of the work, it follows that said lien is preserved under Act 229 of 1916.

This case involves only issues of fact. The evidence is conflicting in many respects, but the conclusions of the trial judge are, in our opinion, correct, and should not be disturbed. (Louisiana Digest, Vol. I, Appeal XXI, Section 636, and cases there cited.)

It is, therefore, ordered that the judgment herein appealed from be and the same is hereby affirmed, at defendant's costs in both courts.