No. 8799.
Orleans Appeal.

## J. C. HEALY COMPANY, INC., v. ABRAHAM BURGLASS.

(March 2, 1925, Opinion and Decree.)
(March 31, 1925, Rehearing Refused.)
(May 26, 1925, Decree Supreme Court. Writ of Certiorari and Review refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Evidence—Par. 52.
  "Litigants owe the duty of assisting in every legitimate way in the elucidation of the truth."
    Bastrop Bank vs. Levy, 106 La. 591.

2. Louisiana Digest—Evidence—Par. 41, 42.
  Where death of an important witness deprives plaintiff of his power to fully prove the terms of a verbal contract or the delivery of goods for the price of which he has sued, the burden of disproving the material allegations of plaintiff's petition (partially proven) is upon the defendant, where it is reasonable to assume that defendant is in possession of facts necessary to decide the issue. Failure of defendant to appear at the trial or to offer any evidence which would enlighten or assist the court and jury, justifies a presumption that there is no serious defense to the suit.

3. Louisiana Digest—Evidence—Par. 53, 54, 55.
  "All evidence is to be weighed according to the proof which it was in the power of

one side to have produced and in the power of the other to have contradicted."

Appeal from the Civil District Court for the Parish of Orleans, Div. "G", Hon. Columbus Reid, Judge.

This is a suit to enforce a verbal contract.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. J. Rossi, F. F. Tessier, attorneys for plaintiff and appellee.

Ed Rightor, attorney for defendant and appellant.

BELL, J. This case, now on appeal, was tried before a jury and judgment was rendered for plaintiff as prayed for. Defendant has appealed.

The suit was filed December 12, 1921, and arises from an alleged verbal contract for the purchase of twelve suites of bedroom furniture, at $118.00 per suite. Plaintiff sues for recovery of the total unpaid purchase price, amounting to $1,419.00. The petition sets forth that on August 20, 1919, plaintiff sold to defendant the furniture above described and delivered same to him on October 10, 1919, under a verbal contract, by which it was agreed that the goods were to be paid for in cash sixty days after delivery, the price, however, to be subject to a discount of 5 per cent if the total bill was paid within thirty days of delivery, all as per itemized bills annexed to and made part of the petition.

It is further alleged that sixty days having elapsed since the delivery of the furniture to defendant, the price is long past due and that notwithstanding repeated amicable demands made upon defendant, he has failed to pay any part of the claim now sued upon.

Exceptions of vagueness having been overruled, defendant answers the foregoing material allegations of fact, as set forth in plaintiff's petition, and this he does by simply denying same. He bases his denial "upon lack of sufficient information to justify a belief". He even adopts this form of denial in respect to plaintiff's specific allegations that frequent amicable demands have been made upon defendant for payment of the claim sued upon.

After a transaction alleged to have begun over five and a half years ago, the material facts of which are denied only by defendant's counsel on simply counsel's information and belief, and after counsel's averment that his client, as defendant, lacks sufficient information to justify a belief in regard to plaintiff's allegations, we are asked, as a court of justice, reviewing a judgment and verdict rendered nearly three years ago, to now reverse the judgment appealed from and to enter a non-suit against the plaintiff.

The record discloses that at the trial of this case, counsel for plaintiff requested the crier or deputy sheriff to call defendant for cross-examination under Act 126 of 1908. Effort to find the defendant in and about the courthouse was of no avail, and although his attorney was present throughout the trial, it does not appear that he made any explanation to the court or to the jury as to the whereabouts of his client, nor does he appear to have stated any reasons for his client's absence.

The president of the plaintiff corporation is shown by the evidence to have died on March 22, 1922, subsequent to the institution of this suit and before the case was called for trial on June 2, 1922. The president's nephew testifies that he was salesman and office manager of the plaintiff corporation during the years 1919, 1920 and 1921; that he was familiar with the bills annexed to plaintiff's petition and showing defendant's indebtedness for $1,490.00; that on three different occasions he presented

the bill to defendant for payment, and that at no time did defendant deny the correctness of the bill or that he received the goods described therein. He finally swears that defendant has failed to pay for the goods. The only other witness on behalf of plaintiff are its two attorneys of record. One of these attorneys testified that the president of the corporation placed the claim in his hands for collection, and that he (witness) made demand upon defendant for payment of the claim, but received no answer from him. The other attorney testifies that he was authorized by the deceased president to file the present suit. There was no cross-examination of the plaintiff's witnesses, no evidence offered on behalf of the defendant, nor did defendant move for a new trial after rendition of the verdict and judgment against him.

It is now argued by counsel for appellant that the verdict was not justified by the evidence, which, it is contended, was wholly insufficient to prove any contract or agreement of sale involving an amount over five hundred dollars, and, secondly, that no execution of the alleged contract by delivery of the goods in question has been proven. While the total contract price of the furniture amounted to $1,419, the account annexed to the petition and submitted to the jury and testified to without objection by plaintiff's salesman and office manager, shows clearly that plaintiff company, as a wholesale dealer in furniture, sold to the defendant some twelve bed-room suites of furniture at $118.00 per suite. The account is shown, therefore, to be composed of as many as twelve items, not one of which exceeds five hundred dollars. As previously noted, this witness has testified to his familiarity with this account and his frequent efforts to collect the same from defendant. Evidence by this witness as to the correctness of each item is sufficient. (Rossignol vs. Triche, 28 La. Ann. 144.) But we find, as did doubtlessly the jury and the judge of the trial court, that circumstances surrounding this case are strongly corroborative of such evidence as has been given by this witness. Proof quite sufficient and within the provisions of Article 2277 of the Revised Civil Code has been adduced to justify the verdict.

The death of plaintiff's most important witness, occurring before trial and after suit, accounts beyond reasonable doubt for plaintiff's inability to prove delivery of the goods or the terms and conditions under which they were sold. Of these facts—if they were facts—defendant is bound at all times to have had knowledge. If there was no contract or execution of the contract, no one other than defendant was better able to both plead and prove that which would have clearly established the issues necessary for the determination of this suit. Under the circumstances of the case, defendant, as a litigant, owed a clear duty to the court to assist it and the jury in every legitimate way to elucidate the truth. However, he has elected by his evasive methods of pleading to avoid specific negation of the material facts set forth in plaintiff's petition, and he has seen fit to absent himself from the trial of the case.

It is plain from the pleading (Act 157 of 1912) and its subsequent amendments (Act 300 of 1914) (Act 228 of 1924) that a qualified denial of a plaintiff's articulated allegations may be made by a defendant upon the latter's averment that he lacks sufficient information in regard thereto to justify his belief in the existence of facts as alleged. However, pursuance of such qualified and evasive methods of pleading—licensed though they be by law—cannot meet with the approval of courts where defendant is plainly or presumably in possession of such knowledge as would permit his positive and unqualified affirmation or denial of the facts which plaintiff has al-

leged and upon which the action has been predicated. (31 Cyc., pages 200, 201.) Such evasive denial of the material allegations of fact set up in the petition before us, and under such conditions as have already been noted, is tantamount to a failure to deny at all that which has been properly and necessarily alleged. It raises at least a presumption, if it be not an absolute admission, of the alleged facts, and serves to corroborate proof which, if not the strongest, is shown to be the only proof available to plaintiff in establishing his case.

Abundance of authorities support the doctrine which this court has repeatedly recognized to the effect that:

"The burden of proof lies with the party who is most cognizant with the facts necessary to decide the issue." Underwood Typewriter Co. vs. Frank Vatter, 14 Ct. of App., 410; Felix vs. Bruce, 14 Ct. of App., 27; Orlesch et al. vs. Fairchild Auto Co., 13 Ct. of App., 303.

The duty which is encumbent on all litigants, to assist a court of justice in arriving at the truth, has fallen in the present case particularly upon the defendant, despite the fact that the law in this, as in other cases, compels the plaintiff to first establish his cause of action with as much certainty as possible and with as full and complete proof as is available. Defendant's failure to appear at the trial or to furnish evidence peculiarly within his knowledge, impels the belief and justifies the conclusion that he could not have overcome or disproved what had been affirmatively alleged and reasonably established. The principle of evidence properly applied to cases of this sort is expressed in 10 R. C. L. 884 and 902, to-wit:

"The conduct of a party to a cause, may be of the highest importance in determining whether the cause of action in which he is plaintiff, or the ground of defense if he is defendant, is honest and just. * * *

"And so it has become a well established rule that where evidence which would properly be part of a case is within the control of the party whose interest it would be to produce it, and without satisfactory explanation, he fails to do so, the jury may draw an inference that it would be unfavorable to him. Lord Mansfield's maxim 'All evidence is to be weighed according to the proof with which it was in the power of one side to produce and in the power of the other to have contradicted', has frequently been quoted with approval. Neglect to produce demonstrative evidence by a party who has it in his power, justifies the inference that it would operate to the prejudice of his contention. * * *

"As a general rule, the omission by a party to produce important testimony relating to a fact of which he has knowledge, and which is peculiarly within his own reach and control, raises the presumption, open to explanation, of course, that the testimony, if produced, would be unfavorable to him."

"Mr. Elliott in his work on Evidence, Vol. 1, page 194, paragraph 141, states the rule as follows: 'It is frequently said that a party is not bound to prove a negative nor a fact peculiarly within the knowledge of the opposite party and that the latter may have the burden of disproving, but the mere form of an averment is of little consequence so far as the rule as to the burden of the issue is concerned, and if, in order to establish his case and move the court in his favor, a party must prove a negative, the burden is usually upon him to do so."

In Pruyn vs. Sheriff, 51 La. Ann. 323, 25 South. 125, the issue was as to simulation vel non of a sale of real estate. The vendor having continued in possession, the court held that this shifted the burden of proof to the purchaser to show the reality of the sale, and that this burden was not discharged by the single testimony of the purchaser, but that as the vendor could have been called as a witness and was not called, the inference was that if he had been called his testimony would not have corroborated that of the purchaser.

In the case of Bastrop Bank vs. Levy, 106 La. 586, 31 South. 164, the cashier of the plaintiff bank having defaulted and having committed suicide, an effort was made to straighten the affairs of the bank, which was left in confusion by the cashier. The defendant appeared on the books as one of its largest creditors, but the bank having failed to require of him a pass-book when depositing funds with it, and the deceased cashier being the only one other than the defendant who was possessed of the information as to the exact amount of deposits which had been made by the defendant, it was held that, after the bank had made a prima facie case against the defendant and had not been able to establish the total amount of deposits which had been made by him, it was his duty when sued to assist the court in furnishing this information. It was held in that case:

"Where a defendant can by his own testimony throw light upon matters at issue, necessary to his defense and peculiarly within his own knowledge, if the facts exist, and fails to go upon the witness stand, the presumption is raised, and will be given effect to, that the facts do not exist."

See also State vs. Jahraus, 117 La. 293, 41 South. 575; Succession of Levitan, 143 La. 1025, 79 South. 829; Succession of Drysdale, 127 La. 890, 54 South. 138.

In the instant case, frequent statements appear to have been rendered to the defendant and frequent demands appear to have been made upon him for the settlement of this account. There is nothing before us to show that defendant at any time during a period of nearly two years, either protested or objected to the plaintiff's claim.

"It appears reasonable enough to presume the acquiescence of a debtor in an account rendered to him if during a reasonable time for that purpose, he does not object to its correctness." Shaw vs. Oakey, 3 Rob. 362.

"The account rendered and acquiesced in is proof of the indebtedness it exhibits." Broadnax & Co. vs. Steinhardt & Co., 48 La. Ann. 682, 19 South. 572.

We are satisfied that the defendant in this case has had his day in court and that the verdict of the jury and the judgment resulting therefrom should not be disturbed.

It is, therefore, ordered that the judgment herein appealed from be and the same is hereby affirmed at defendant's costs in both courts.

WESTERFIELD, J. I am of opinion that this case should be remanded to afford plaintiff an opportunity to prove his case which so far as the record discloses he has failed to do in this instance.

Therefore, respectfully dissent.