No. 9917.

Orleans Appeal.

VICTOR FETTER, Appellant, v. ANTONIO TORRE.

(March 16, 1925, Opinion and Decree.)
(March 30, 1925, Rehearing Refused.)

*(Syllabus by the Court.)* ·

1. Louisiana Digest—Appeal—Par. 636; Evidence—Par. 340.

Where there *is* sharp conflict in the evidence as to the manner in which an automobile collision occurred the witnesses whose testimony is corroborated by the physical facts surrounding the accident will prevail.

(Civil Code, Art. 2315. Editor's note.)

Appeal from First City Court, Hon. Henry Renshaw, Judge.

This is an action for damages arising out of an automobile collision.

There was a reconventional demand.

There was judgment for defendant and rejecting plaintiff's demand.

Plaintiff appealed.

Judgment reversed.

. Geo. P. Nosacka, James G. Schillin, attorneys for plaintiff and appellant.

Gordon Boswell, Milo Williams, attorneys for defendant and appellee.

WESTERFIELD, J    This suit results from a collision between a Hudson automobile belonging to plaintiff and a Ford truck belonging to defendant. Plaintiff petitions for damages sustained by his car, which he claims amounted to $280.00, and defendant reconvenes claiming damages in the sum of $118.46 as having been caused him by reason of injuries to his truck and the loss of certain groceries which were in the truck at the time of the accident.

There was judgment for defendant as prayed for and against plaintiff dismissing his demand, and plaintiff has appealed.

The accident occurred at the intersection of Howard and Third Streets. The Hudson car was crossing Third Street from the direction of the lake toward the river and the Ford truck was proceeding up Howard Street in the direction of Carrollton Avenue. Howard ˙Street is divided by a neutral ground with a roadway on each side and street car tracks on the neutral ground. The Ford truck, since it was proceeding uptown, was on the right hand or lake side roadway, the roadway devoted to traffic moving in the direction of Carrollton Avenue, and the roadway which it was necessary for plaintiff's Hudson car to first traverse before gaining the neutral ground. After the accident both cars were on· the river side roadway.

As to.the manner in which the accident happened, the evidence is irreconcilable. The Hudson was going very slow or very fast, cautiously or recklessly, as one set of witnesses or the other is to be believed, and the same may be said of the Ford truck.    According to plaintiff's witnesses the Hudson stopped before entering the intersection and slowly and cautiously crossed the roadway and gained the neutral ground when it was violently struck in the rear by the Ford truck,. driven by the force of the blow. across the neutral ground and out of control it smashed into a post on the sidewalk adjacent to the river side driveway.  On the other hand defendant's witnesses declare that the Ford truck was being driven slowly up Howard Street and across the intersection of Third Street, when it was struck on the right side by the Hudson, which was being driven at a furious rate of speed.    In this situation we would be inclined to follow the familiar rule of appellate procedure and affirm the judgment of the lower court, but our reluctance to disturb the judgment of the trial court upon a question of fact must yield to our conviction that the position of the cars after the accident renders defendant's theory of the accident impossible.    It is not disputed that both cars were on the

river side driveway after they had come to rest after the collision. There is some dispute as to the precise location of defendant's car, but no question that both were on the river side. If plaintiff's Hudson had struck the Ford of defendant on the right side, as claimed, the collision would necessarily have occurred on the lake side roadway just as the Hudson entered Howard Street and it would have to have been driven sideways clear across the neutral ground and river side roadway, a practical impossibility. Moreover, all the damage to the Ford truck was in front. The physical facts corroborate plaintiff's witnesses and discredit defendant's.

Under the circumstances we conclude that defendant was at fault.

The quantum of damages claimed does not appear to be disputed.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff, Victor Fetter, and against the defendant, Antonio Torre, in the sum of $280.00 with legal interest from judicial demand until paid.

It is further ordered that the reconventional demand of defendant be dismissed at his cost.