GEDDES & MOSS UNDERTAKING AND EMBALMING CO., INC., v. SIMKINS

———

(March 1, 1926, Opinion and Decree)
(March 15, 1926, Rehearing Refused)

———

(Syllabus by the Court.)

1. **Louisiana Digest—Automobiles—Par. 8; Evidence—Par. 42.**

Failure of defendant in a damage suit to produce as a witness the driver of the truck which, backing out of a building, collides with an automobile passing on a city street, raises the presumption that the evidence of such a witness would be against the defendant.

2. **Louisiana Digest—Appeal—Par. 625.**

Findings of fact by a trial judge will be approved on appeal unless plainly erroneous.

Appeal from the First City Court, Division "A". Hon. William Alexander Bahns, Judge.

Action by Geddes & Moss Undertaking and Embalming Company, Inc., against Leo Simkins for damages.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Eraste Vidrine, of New Orleans, attorney for plaintiff, appellee.

Milner & Porteous, of New Orleans, attorneys for defendant, appellant.

OPINION

BELL, J. This is a damage suit resulting from a collision of defendant's truck with plaintiff's automobile. The accident occurred at noon on Erato street, between Dryades and Baronne streets, in the city of New Orleans.

Plaintiff alleges that defendant's driver, negligently and without warning of any kind, suddenly backed a truck out of the building belonging to the Harris Ice Cream Company, and thus drove the truck into Erato street, on the upper side of which plaintiff's automobile was traveling in the direction of the river, from Dryades street toward Baronne street.

The damages to plaintiff's car amounted to $114.28, as shown by receipted bill for repairs. There was judgment for this sum and defendant has appealed.

Defendant, answering the petition, avers that his truck had backed into Erato street and was about to go forward, when suddenly struck in the right rear by plaintiff's automobile, which skidded on the wet street, thus causing damage to both cars. He further avers that the driver of the truck blew his horn and carefully looked in both directions before backing, and that he saw the street was clear. Defendant's driver, who, above all other witnesses, should have been able to substantiate the above averments, was not called as a witness nor was his absence

in any way accounted for. There is no reconventional demand for damages.

Plaintiff's driver testified that he has been a chauffeur for thirteen years, and that he was driving twelve miles an hour in about the middle of Erato street, upon which there is a single car track, and that he had just passed Dryades street, going towards the river, when defendant's truck started backing from inside of the building into Erato street with such force that two men on the sidewalk shouted; that witness blew his horn and swerved to his left to try and avoid collision with the truck, but that there was no chance at all; that the front wheels of the truck were on the sidewalk, and its rear wheels on the upper rail of the car track nearest the building when plaintiff's automobile was struck. The fact that plaintiff's car was damaged on the right rear side indicates that the truck backed into the automobile and struck the latter vehicle after it had partially passed the truck.

One of defendant's witnesses confirms plaintiff's driver in the statement that the driver did everything possible to avoid the accident. When asked by the court what the plaintiff's driver did, if anything, to avoid the collision, this witness answered: "To avoid a head-on collision he swerved his wheels hard left and jammed down the brakes." On the other hand, this witness accounts for the accident by testifying that plaintiff's driver was not looking ahead of him but was trying to flirt with two girls who were walking on the lower side of Erato street. Plaintiff's driver denies that he saw any girls on the lower sidewalk.

Another witness for defendant makes similar account for the accident. But we find it difficult to believe that these witnesses could have been looking toward the lower side of Erato street so as to see the girls—if any they were—for each of these witnesses state they were looking at plaintiff's car before and up to the time of the collision. One of them swears that he was standing on the upper side of Erato street and on the river side of the truck, as it backed out, and that he, with a friend whose name he could not remember, were both facing Dryades street, that is, towards the direction from which plaintiff's car was coming. The other witness for defendant testifies that he was in the middle of Erato street, standing right behind the truck and directing its driver how to back out of the building. If this statement be true, he was bound to have had his back toward persons or objects on the lower side of Erato street. The same witness finally states that plaintiff's driver was looking backward rather than forward or across Erato street. These and other inconsistent statements, made by both of defendant's witnesses, cause us to agree with the trial judge who stated, in his written reasons for judgment, that little weight could be given to such testimony.

The evidence establishes conclusively that defendant's truck was not operated with that degree of care and precaution which should be observed when a motor vehicle is backing into or against traffic on a public thoroughfare. All witnesses agree that at the moment of the collision the rear end of defendant's truck was overhanging the upper rail of the car track. There is a conflict of testimony as to whether the truck had come to a stop at this point, just before the impact of the

vehicles. We conclude that it was in motion when it struck the automobile, for the reason that the latter vehicle would have collided with the truck if the truck had been standing still on the car track. The resulting damage as to the automobile, under such conditions, would have been, as we have already noted, to the front of the machine, rather than to its rear right side. If the street was wet, as defendant avers, and as he has attempted to prove, this fact required additional care on the part of the truck driver while backing into the street.

All the circumstances of this case call for some definite explanation on the part of the operator of the truck, especially when the evidence offered by defendant is strongly at variance with the averments set forth in his answer. Huddy, 7 Ed., page 300, Note 15; 140 N. Y. Supp. 379; Healy, Inc., vs. Burglass, 1 La. App. 741; 10 R. C. L., pp. 884, 902.

"The burden of proof lies with the party who is most cognizant with the facts necessary to decide the issue." Underwood Typewriter Co. vs. Vatter, 14 Ct. of App. 410; Bank vs. Levy, 106 La. 586, 31 South. 164.

"Where there is a sharp conflict in the evidence as to the manner in which an automobile collision occurred, the testimony of witnesses who are corroborated by physical facts surrounding the accident will prevail." Fetter vs. Torre, 1 La. App. 766.

In Foster vs. New Orleans Public Service, et al., 3 La. App. —, 8 Ad. Rpts. 520, this court has but recently held liable the owner of a motor truck whose driver backed a truck into the street and across a car track. We refused in that case, as we do now, to apply the doctrine of last clear chance. Draiss vs. Payne, 158 La. 652, 104 South. 487.

The judgment appealed from is correct and should be affirmed.