No. 3042

Second Circuit

MONDELLO v. RANEY

(March 12, 1929. Opinion and Decree.)

T. O. Brooks and B. E. Bush, of Shreveport, attorneys for plaintiff, appellant.

Wilkinson, Lewis and Wilkinson, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiff, Annie Mondello, by this action seeks to recover judgment against defendant R. R. Raney in the sum of $110.00 for her own use and benefit and in the sum of $1500.00 for the use and benefit of her minor son, Luke Mondello. She alleges:

"That on or about 7:30 on the evening of the 22nd of December, 1926, in the city of Shreveport, Caddo parish, Louisiana, Luke Mondello, minor son of petitioner, was riding on the left running board, holding to a hand-hold, on the back of the cab of the Ford truck belonging to Nick Firlito and being driven by his son, Joe Firlito; that the said Firlito truck was being driven westwardly on Kingshighway and that Joe Firlito was driving and proceeding very slowly, cautiously and properly, with due regard and care of others upon said street; that the Firlito truck, the one your petitioner's son was riding on, slowed down at the intersection of Kingshighway and Highland street, and Joe Firlito, the driver, looked in both directions on Highland and, not seeing any cars coming, proceeded very slowly westwardly across Highland, keeping well on the right-hand side of Kingshighway. That when the Firlito truck crossed the street car tracks on Highland and (was) proceeding westwardly, the said defendant R. R. Raney, going in the direction of Shreveport, apparently at a very high rate of speed, carelessly, recklessly and neg-

ligently did drive his Essex automobile into the Firlito truck on which your petitioner's son was riding, as above outlined, causing a serious injury to your petitioner's son's leg which caused him great pain and suffering and rendered him permanently and totally disabled to do work of any sort for at least sixty days from the date of the accident * * *"

She further alleges that the Ford truck was damaged to the extent of $30.00 in the collision and that the owner of the truck, Nick Firlito, had transferred his claim against defendant for the damage to her.

She further alleges that by reason of the injuries to her son she was compelled to incur an expense of $80.00 for medical attention.

The damages claimed on behalf of the boy are itemized as follows:

For mental pain and suffering........... $400
For physical pain and suffering........ 1000
For loss of earning power................. 100

Total ..............................................$1500

The defendant denied the allegations, other than that the collision took place, and alleged that—

"plaintiff's minor son was riding on the left running board of the car in question, and it was being driven by some one, whose name your defendant does not know, at a rapid rate of speed, and was overcrowded with boys, the plaintiff's son standing on the running board, by the driver, and obstructing the driver's view on that side, and that said driver and the said plaintiff's son did not proceed cautiously or with due care upon the street, but, on the contrary, when your defendant saw that they were going to run into him, he steered his car to the left, in an effort to prevent being struck or striking them, and did all that he could to prevent said accident; and he denies that the driver of said car looked,

and (alleges) had he done so. he would have seen the car of your defendant approaching said crossing, and that said accident was due wholly to the negligence of the driver of said· car and of said plaintiff's ·son 'in this, to wit: in having said car overloaded at the time of said accident, and in plaintiff's son standing so as to obstruct the view of the driver thereof, and in not looking in the direction from which your defendant was coming, to see if some car had the right of way, and in proceeding in a reckless and careless ·manner across said crossing, and in not permitting your defendant, who had the right of way by virtue of the fact that he had entered said crossing ahead of them, from proceeding across said street, and in not stopping said car in time to prevent said accident."

And further alleges that he was driving carefully at the time and not at a high rate of speed, and that but for the negligence of plaintiff's son and his further negligence in riding on the running board of the Ford truck, the accident would not have happened.

On these issues the case was tried and there was judgment in favor of defendant rejecting plaintiff's demands and dismissing her suit and she appealed.

## OPINION

The testimony of the witnesses for plaintiff and that of the witnesses for defendant as to the facts and circumstances surrounding the collision is conflicting and irreconcilable. The judge of the trial court, because he saw and heard the witnesses testify, was in a better position than we are to judge of the weight to be given to the testimony of any particular witness or witnesses, and his findings of fact will not be disturbed where not manifestly erroneous.·

Pitard Hardware Co. vs. Lala, 1 La. App. 534.

It would serve no useful purpose to quote or discuss the testimony of any particular witness or witnesses. The testimony of the .plaintiff's witnesses is positive that the truck on which her son was riding entered the intersection of the streets before the car in which defendant was riding did so, and the testimony of the defendant's witnesses is directly to the contrary and equally positive. The physical facts of the collision indicated that the cars collided on the right-hand side, going west, of Kingshighway, and on the right-hand side, going north, of Highland avenue; and these physical facts corroborate, we think, the testimony of defendants' witnesses that defendant's car entered the intersection of the streets before the truck on which plaintiff's son was riding did. Therefore defendant's car had the right of' way.

Fetter vs. Torre, 1 La. App. 766;
Belden vs. Roberts, 3 La. App. 338;
Johnston vs. Worley, 3 La. App. 675.

After carefully reading and considering the evidence we are of the opinion that the proximate cause of the collision was the failure of the driver of the truck on which plaintiff's son was riding to see defendant's automobile before driving the truck into the street intersection, and that this failure was attributable to the vision of the driver of the truck· being obstructed by the presence of plaintiff's son on the running board of the truck.

The trial court wrote a lengthy opinion in the case and it is in the record and we have found his resume of the facts and reasons for judgment very helpful.

The judgment appealed from, in our opinion, accords with the facts and the ·law, and it is therefore affirmed.