## BRANDAO v. BISSO.
### No. 14115.

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

Leslie P. Beard and Chester A. Peyronnin, both of New Orleans, for appellant.

Prowell, McBride & Ray, of New Orleans, for appellee.

JANVIER, J.

Brandao seeks to recover from Bisso $117.-50 to reimburse him for the cost of repairing damages sustained by his automobile when, at the corner of Upperline and Dryades streets, there was a collision between the Brandao automobile and that of Bisso.

■ Brandao was driving down Dryades street and Bisso was on his way out Upperline street towards the lake. Bisso approached the intersection from Brandao's right, and therefore, under the provisions of the traffic ordinance of the city of New Orleans, No. 7490, C. C. S., he was entitled to the right of way to cross the intersection, unless Brandao's car had, at the time at which Bisso arrived at the intersection, already entered and pre-empted it.

The judge of the court a qua believed that Bisso should have seen that Brandao's car had already entered the intersection and should have stopped his car, and judgment was therefore rendered for Brandao as prayed for.

■ We cannot agree that the evidence shows that when Bisso reached the corner Brandao had preceded him. The point at which the impact occurred was the lower lake corner of the intersection which, in itself, shows that each car had traversed about two-thirds of the distance across, and, while Bisso's car may have struck the other car a few feet back of the foremost part of the latter, the respective fronts of the two cars were so near together that it can fairly be said that neither had actually gained a position which entitled it to the right to proceed.

We believe that it appears from the evidence that Brandao's car entered the intersection at a higher speed than did the other, and from this it follows that, had it entered the danger zone at a time substantially sooner than did the other, it would have completed the crossing before the other car could strike it, since it was going faster. Therefore, from the fact that a collision occurred, we infer that, if Brandao's car entered the intersection sooner than did the Bisso car, there was not more than a fraction of a second's difference between its entry and that of Bisso. The latter had the right of way and was entitled to proceed, and he did not lose that right of way by reason of the fact that the other may have entered the danger zone a fraction of a second ahead of him.

The judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that plaintiff's suit be dismissed, at his cost.

Reversed.