## DENNIS SHEEN TRANSFER CO., Inc., v. I-SEE STORAGE & TRANSFER CO., Inc.*

### No. 14678.

Court of Appeal of Louisiana. Orleans.
May 7, 1934.

Sidney G. Roos and Godfrey G. Regan, both of New Orleans, for appellant.

Denegre, Leovy & Chaffe and J. H. Morrison, all of New Orleans, for appellee.

HIGGINS, Judge.

This is an action ex delicto to recover property damages alleged to have resulted from a collision between the plaintiff's and defendant's trucks at the intersection of Rampart and Calliope streets, this city, on September 10, 1929, about 2 o'clock p. m.

The driver of the defendant's vehicle is said to have been at fault in failing to accord to the plaintiff's truck the right of way which the provisions of the city traffic ordinance granted it, in not keeping a proper lookout, in neglecting to place his truck under control, and in running at an excessive and unlawful rate of speed.

Defendant admitted that the accident occurred, but denied that its driver was at fault, averring that the plaintiff's driver was solely to blame for the accident substantially on the same grounds that defendant's driver is alleged to have been at fault, and in reconvention claiming the amount of its loss. In the alternative defendant specially pleaded contributory negligence.

There was judgment in favor of the plaintiff as prayed for and dismissing the reconventional demand. Defendant has appealed.

Calliope street is a paved roadway 30 feet in width and runs from the direction of the river to the lake. Rampart street runs from uptown to downtown and is 40 feet in width. It is likewise paved and there are located upon it double street car tracks, the tracks on the lake side being used by the cars moving uptown and those on the river side by the street cars going downtown. Clio street is one block above Calliope street and runs parallel thereto. It appears that an accident occurred at the intersection of Rampart and Clio streets which blocked traffic moving uptown on Rampart street. As a result a number of street cars and automobiles became congested on the lake side of Rampart street both above and below Calliope street. One of the street cars stopped in such a position that the rear end of it protruded into Calliope street about 10 or 12 feet. To the rear of it another street car stopped with its front end slightly past the sidewalk curbing of Calliope street. To the rear of that street car was another one. The plaintiff's machine, a large 2½-ton cotton truck, consisted of the truck proper and a trailer, measuring over all about 27 feet in length. It was loaded with 17 bales of cotton, which weighed 500 pounds apiece. It was being driven in an uptown direction on Rampart street and, since traffic moving uptown was blocked and congested on the lake side of Rampart street, the plaintiff's driver, when approximately 150 feet from the intersection of Calliope street, drove to the left side of the parked automobiles and street cars onto the river side street car tracks and continued his course uptown.

Defendant's truck was a large moving van 18 feet long and was being driven on Calliope street in the direction of the river. As the front of the plaintiff's truck slightly passed the front of the parked street car, the defendant's truck came from between the two parked street cars and the front part of the defendant's truck struck the right front side of the plaintiff's truck where the hood is located. Plaintiff's driver then swerved to his left and ran into a vegetable wagon which was stopped on the uptown river side of Calliope street, a short distance from the corner, and either the wagon or the plaintiff's truck knocked down a concrete post on the uptown river sidewalk about 50 feet from the point of impact. Defendant's truck came to rest in the intersection and was then driven down Rampart street to Howard street,

where it was parked in order not to block traffic. Both trucks were substantially damaged.

It is clear that, under the provisions of the Traffic Ordinance No. 7490 C. C. S., Rampart street is a right of way street on account of the street car tracks being located thereon. The ordinance also definitely provides that this right of way shall yield in favor of a motorist on a less favored street when he has preempted the intersection.

The plaintiff's driver testified that he was going at a slow rate of speed in second gear, having run the distance of 150 feet from the point where he turned to his left out of the line of blocked traffic up to the place where the accident occurred; that as he approached the corner he sounded his horn and, not seeing anything coming and there being no traffic moving downtown on the river side of Rampart street, he attempted to cross; that the defendant's truck suddenly, at a fast rate of speed, dashed between the two parked street cars and ran into his truck; that although he immediately applied his brake, the force of the impact caused him to be pushed towards the left, with the result that he struck the wagon and the wagon in turn knocked down the post; that his truck, when loaded, was incapable of going in excess of fourteen miles an hour.

George Bernard, a motorist who was driving in the direction of the lake on Calliope street and was at a point about 150 feet from the intersection at the time the collision occurred, testified as a witness for the plaintiff. He states that the defendant's chauffeur did not stop before entering the intersection and, due to the fact that the rear of the street car was about a third of the way in the intersection, it was necessary for him to swerve to his left; that defendant's driver crossed the intersection at a rate of speed of about 10 miles an hour; that plaintiff's truck was going approximately 20 or 25 miles an hour; that it did not stop for the intersection; that the two vehicles collided at a point about where the river street car tracks on Rampart street are located and towards the downtown side of the intersection; and that defendant's truck was in the intersection first.

The driver of the defendant's truck died before the trial, and a party who was riding on the truck at the time testified that defendant's driver stopped before entering the intersection, and, as he came between the street cars, leaned forward, and observed the plaintiff's truck coming up Rampart street; that he stopped with the radiator of the truck about 3 feet past the parked street car; that plaintiff's truck was coming at a rate of speed of approximately 25 miles per hour, and, although its driver attempted to swerve to the left, the right front side of the plaintiff's truck crashed into the left front side of the defendant's truck and then continued on its course to its left, where it encountered the wagon and knocked down the concrete post.

Defendant concedes that the preponderance of the evidence establishes the fact that its driver did not stop before entering the intersection, or while passing between the parked street cars, and emerged from that perilous position at a rate of speed of about 10 miles an hour, and, consequently, was guilty of negligence in doing so, but strenuously insists that the testimony of the plaintiff's driver, as well as Mr. Bernard's statements, convict the plaintiff's truck driver of negligence which contributed to the accident.

Plaintiff's chauffeur admits that he did not discover the presence of the front of the defendant's truck until the moment of the impact. While he says that he was going slowly, without estimating the rate of speed, Mr. Bernard testified that shortly after the accident he made a statement to the effect that the plaintiff's truck was being driven at the rate of speed of 20 or 25 miles per hour at the time and that he judged it both by the noise that it was making and from its appearance.

It must be borne in mind that the drivers of both vehicles plainly saw that an unusual situation confronted them due to the congestion of traffic near and in the intersection. To an ordinarily prudent and careful driver such a circumstance would have suggested the use of caution and care commensurate with the danger involved. Plaintiff's chauffeur knew that he was driving a large truck that was heavily laden and appreciated the fact that he was attempting to use that portion of Rampart street where ordinarily the descending traffic passed. In approaching the intersection he knew that his view of traffic which might be going towards the river on Calliope street was almost completely obstructed, and yet he did not slacken his speed, which was about 20 miles per hour, and place his truck under such control as to be able to stop in the event that another vehicle had entered the intersection first. The plaintiff's evidence establishes the fact that the defendant's truck did enter the intersection first at a rate of speed which Mr. Bernard estimated to be between 5 and 10 miles per

hour. Under the circumstances we feel that the plaintiff's driver was guilty of negligence in not maintaining an adequate lookout, in failing to place his truck under proper control, and running it at a rate of speed that was excessive. His negligence in these respects contributed to the accident and bars plaintiff's recovery. Poulan v. Deas, 18 La. App. 256, 138 So. 230; Bagert v. Maestri, 18 La. App. 94, 131 So. 863; Thoman v. Deliberto, 17 La. App. 574, 136 So. 904; Bethancourt v. Bayhi (La. App.) 141 So. 111; Brandao v. Bisso (La. App.) 142 So. 916; Mondello v. Raney, 10 La. App. 376, 120 So. 652; Favana v. N. C. Public Service, Inc., 154 So. 457, decided by this Court, April 23, 1934 (not yet reported [in State report]).

For the reasons assigned the judgment appealed from is amended by dismissing plaintiff's suit, and in all other respects the judgment is affirmed; defendant to pay the costs of the lower court, plaintiff to pay the costs of the appeal.

Judgment reversed in part; judgment affirmed in part.