Sol L. Youngentob, Plaintiff, *v.* William Ginsberg, Defendant.

Supreme Court, Special Term, Kings County, October 8, 1948.

*Greenbaum, Wolff & Ernst* for defendant.

*Bachrach, Bachrach & Bisgyer* for plaintiff.

Powers, J. This is a motion by defendant for an examination before trial of the plaintiff as an adverse party or as a witness with respect to the financial worth of the plaintiff and his ability to pay for medical services rendered.

The complaint alleges in substance that the defendant, a physician and surgeon, exacted from the plaintiff under duress, the sum of $3,000 as payment for a prostate operation which defendant performed upon the plaintiff in or about September, 1947. The action is brought to recover back the entire sum of $3,000, and in his prayer for relief plaintiff offers to allow to the defendant as an offset to plaintiff's recovery any amount which defendant may be able to prove to be the fair and reasonable value of his services.

The answer interposed by the defendant denies the material allegations of the complaint. Consequently there is in issue the question of the " fair and reasonable " compensation for the services rendered by the defendant to the plaintiff.

In opposition to the motion plaintiff urges that the financial condition or pecuniary circumstances of a patient cannot be considered as a factor in determining the reasonableness of a physician's charge for professional services and evidence to that effect in an action is inadmissible.

Although, upon research it does not appear that the appellate courts of this State have passed upon the specific question involved herein, I am in accord with the reasoning of the court in the case of *Schoenberg* v. *Rose* (145 N. Y. S. 831). That was an action by a physician against the estate of a deceased to recover for medical services, where evidence of the value of the estate of the deceased was received over the objection of the defendant's counsel. In ruling upon such admission of evidence the court stated: " I am of the opinion that, while the financial condition of a patient does not alone affect the abstract question of the value of a physician's services, it is a proper element entering into the question as to what charge or what reduction in the charge shall be made by him by reason of such financial condition. *Lange* v. *Kearney*, 4 N. Y. Supp. 14, affirmed 127 N. Y. 676, 28 N. E. 255. So a patient of no means, or of limited means, may prove that his circumstances and station in life are such as to render a physician's charge exorbitant and out of all reason and proportion to the patient's ability to pay, while the same charge to a person of large means would not be considered unreasonable.

" The financial condition of a patient is an element that it may be assumed is considered by both physician and patient when the services are contracted for, rendered, and accepted, and may also be considered by the court in determining the reasonableness of the charge    *    *    *."

In 48 Corpus Juris (under Physicians and Surgeons, p. 1168) the following apposite statements appear: " *Reasons for rule.* ' It is true that a physician    *    *    *    is bound to give in every case his best service. But it does not follow that this service is worth the same in every case.    *  :  *    *    Life has a pecuniary value of variable quantity.' *Mortimer's Est.*, 13 Pa. Dist. 51, 29 Pa. Co. 387. ' This state of affairs the law must recognize, that physicians should not have their services valued as you would commodities in trade by a fixed standard; what would be a proper charge for the same service to a man fully able to pay would be excessive to a man of limited means, and what would be willingly done for the indigent without thought of financial reward should be compensated for by one who can afford to

pay on the scale which doctors of repute measure as the proper one.' *Pfeiffer* v. *Dyer,* 295 Pa. 306, 311, 145 A. 284, 285.''

Concurring in the views set forth above, I hold that in the case at bar evidence of the financial worth of the plaintiff and his ability to pay is admissible as a proper element to be considered in determining the fair and reasonable value of the defendant's services, and, therefore, under the special circumstances of this case the defendant will be permitted to examine the plaintiff as an adverse party but not as a witness. Settle order.